Lipscomb, J.
We can perceive no error in the judgment. The defenses all amount to an attempt to impeach the judgment of the District Court in a collateral way. Slow this cannot be done unless it should appear to this court that the court rendering the judgment had no jurisdiction. We can entertain no doubt but that the court had jurisdiction of a contempt. Whether it exercised it correctly is a question that can only be investigated on a proceeding having directly in view its reversal. None of the objections taken go to the jurisdiction of the court rendering the judgment, but all of them constitute at most only such matter as should have bee\i offered in defense on the trial of the contempt. If they had been offered and overruled on the trial, the correctness of the decisions of the court in so overruling them could have been examined in this court on an appeal or writ of error from the final judgment of the court in the matter. The judgment of the court of Travis county, being a court of competent jurisdiction, whether it be erroneous or not, must be conclusive in all courts when it may be drawn collaterally before them until it has been reversed or set aside by a court of competent jurisdiction to try the errors that may have been committed in a proceeding instituted for that express object. This doctrine has been so fully discussed and firmly settled that it is not now to be questioned. (Sutherland v. De Leon, 1 Tex. R., 250; Lynch et al. v. Baxter and Wife, decided at the last term of this court, but not published.)
We are therefore of opinion that there is no error in the judgment of the court below, and that it be affirmed.
Judgment affirmed.