## C. J. BORDEN v. T. J. McRAE ET AL.

1. VENDITIONI EXPONAS.—That a *venditioni exponas* is a writ of execution, and confers upon the officer to whom it is directed authority to sell land upon which the writ of *fieri facias* has been levied, cannot be regarded an open question in this court.

2. SAME.—The same rule obtains where a levy has been made upon land in a different county from that where the judgment was rendered.

3. LIEN BY LEVY OF EXECUTION.—The plaintiff in execution acquires a fixed and certain interest in the land upon which his execution is levied, from the date of the levy, which entitles him to have satisfaction of his judgment by its sale, and which cannot be defeated or interfered with by the defendant in execution, or any one setting up a subsequent right or claim to the land through or under him.

4. PRACTICE—AUTHORITY TO ISSUE THE WRIT.—The return of the execution exhibiting an unsatisfied levy, and thereby showing property of the defendant in *custodia legis* for the satisfaction of the

judgment, not only authorizes, but requires, that proper process shall issue for its disposal.   This process is the writ of *venditioni exponas.*

5. BONA FIDE PURCHASER.—A levy upon lands under an execution fixes a lien, which upon sale under the execution, or *venditioni exponas,* passes title against an unrecorded deed; nor is the title effected by notice after the levy and before the sale.

6. CASE APPROVED.—Grace *v.* Wade, 35 Tex., 522, approved.

7. It is not within the scope or authority of the writ of *venditioni exponas,* to subject to sale the property to which the general lien of. the judgment attaches, but merely that to which a specific right or lien has been acquired by the levy of the *fieri facias.*

APPEAL from Walker.   Tried below before the Hon. James R. Burnett.

C. J. Borden sued Frank Tillman, in the District Court of Brazoria county.   Service was had by publication, but at the November Term, 1869, of that court, Tillman appeared by attorney, and on November 10, 1869, judgment was rendered for plaintiff, for $1,056.76 and costs of suit.   On this judgment, November 19, 1869, execution was issued to the sheriff of Brazoria county, and was by him returned "not satisfied." December 7, 1869, an alias execution issued to the sheriff of Walker county, which, on December 13, 1869, was levied on one half a league of land, the property of defendant.   Sale was advertised for the first Tuesday in January, 1870; the execution was indorsed, "Sale held up till the first Tuesday in May, 1870, by direction of plaintiff's attorney, and this writ returned for want of time, and a *venditioni exponas* asked for this, March 31, 1870.   W. H. Stewart, sheriff Walker county, Texas."

May 26, 1870, *venditioni exponas* issued to the sheriff of Walker, requiring him to sell the land so levied on, as under execution, which came to the hands of the sheriff on 31st May, 1870.   The land, under this writ, was regularly sold by the sheriff, on the first Tuesday in August, 1870, to the plaintiff, for eight hundred and nine dollars.   The costs were paid, and the remainder credited upon the execution, when the sheriff made a deed to the plaintiff.

October 15, 1869, Tillman executed a deed for the land, for $2,000, to his brother-in-law, T. J. McRae. February 11, 1870, the deed was filed for record in Walker, and placed on record, though defectively acknowledged.

This suit was brought May 11, 1871, by Mrs. C. J. Borden, setting up the facts, and charging that the deed from Tillman to McRae was made to hinder and delay Tillman's creditors; that he was, at its execution, insolvent; which fact McRae knew, and aided him in this way to defraud his creditors; judgment was asked that the cloud upon the title of plaintiff, by reason of the deed to McRae, be removed, &c. McRae denied the charges of fraud, and set up title under the deed to him.

This case was before the Supreme Court before. (Borden *v.* Tillman, 39 Tex., 262.)

The facts necessary appear in the opinion. The court instructed the jury—

"The deed to defendant purports to be recorded in February, 1870; but this was no legal record, as the deed was not properly acknowledged or proved, so that such record is not, of itself, notice of defendant's claim. But if you believe from the evidence that the plaintiff, or her attorney, had actual notice of defendant's claim, or of such facts and circumstances as would admonish a reasonably prudent man that the title was in another party, or put him upon inquiry respecting such adverse claim, then defendant's title, being the older one, is the best, unless it has been shown to have been fraudulent."

The testimony showed that the attorney of Mrs. Borden, the plaintiff, had read the record of the deed from Tillman to McRae, before the sheriff's sale. Judgment was rendered for defendant, and plaintiff appealed.

*L. A. Abercrombie* and *James A. Baker*, for appellant, cited Lockridge *v.* Baldwin, 20 Tex., 303; Catlin *v.* Jackson, 8 Johns., 547; Riddle *v.* Bush, 27 Tex., 675; Leeland *v.* Wil-

son, 34 Tex., 94; Fenno *v.* Cooper, 14 Ark., 39; McMiller *v.* Butler, 20 Tex., 402; Burdett *v.* Chandler, 22 Tex., 14; 1 Peters, 423; Paschal's Dig., 4978, 4983, 4988; Bennett *v.* Cocks, 15 Tex., 67; Ayres *v.* Duprey, 27 Tex., 606; Tillman *v.* Cowand, 12 Smedes & Marsh, 262; Shultz *v.* Moore, 1 McL., 521; Duphey *v.* Thenaye, 5 Stewart & Porter, 215; Carter *v.* Champion, 8 Conn., 548; Galt *v.* Dobrell, 10 Yerg., 146; Hodgson *v.* Butts, 3 Cranch, 140; 17 Me., 418; J. J. Marsh, 4; McNitt *v.* Turner, 16 Wall., 352; Hawley *v.* Bullock, 29 Tex., 222; Kerns *v.* Swope, 2 Watts, 75; Emerson *v.* Littlefield, 12 Me., 148; Blankenship *v.* Douglas, 26 Tex., 225; Rogers *v.* Burchard, 34 Tex., 441; Orme *v.* Roberts, 33 Tex., 768; Davie *v.* Littlejohn, 2 Ired. Eq., 295; Pendleton *v.* Batton, 3 Conn., 406; 9 Yerg., 64.

*L. A. Albercrombie,* for appellant, discussed the questions of fraud raised, and cited Gibson *v.* Hill, 23 Tex., 82; Briscoe *v.* Bronaugh, 1 Tex., 335; Stadtler *v.* Wood, 24 Tex., 622; Mills *v.* Howeth, 19 Tex., 257; Banks *v.* Green, 24 Tex., 508; Howerton *v.* Holt, 23 Tex., 62; Bryant *v.* Kelton, 1 Tex., 415; Van Hook *v.* Walton, 28 Tex., 59; Garahy *v.* Bayley, 25 Tex. Supp., 294.

*Randolph & McKinney,* for appellees, cited Bump on Fraud. Conv., 36; King *v.* Russell, 40 Tex., 124; Wells *v.* Barnett, 7 Tex., 584; Ayres *v.* Duprey, 27 Tex., 593; Orme *v.* Roberts, 33 Tex., 773; Dickerson *v.* Tillinghast, 4 Paige, 215; Wright *v.* Douglass, 10 Barb., 97; Herman on Ex., pp. 487, 488; Corse *v.* Stafford, 24 La., 262; Elliott *v.* Knott, 14 Md., 21; Leland *v.* Wilson, 34 Tex., 94; Wood *v.* Colvin, 5 Hill, (N. Y.,) 230; Catlin *v.* Jackson, 8 Johns., 546; Hargrove *v.* DeLisle, 32 Tex., 170; Mercein *v.* Burton, 17 Tex., 210; Herm. on Estopp., sec. 183; Bagley *v.* Ward, 37 Cal., 121; Freem. on Judgm., sec., 394; 2 Story's Eq., sec. 1031; Duty *v.* Graham, 12 Tex., 436; 2 Story's Eq., note 3, pp. 664, 665; 3 Pars. on Cont., 278; Coote on Mort., 248; Montague on

Lien, 100; 3 Sugd. on Vend., 184; Burgess *v.* Wheat, 1 Black, 150; Mackreth *v.* Symmons, 15 Ves., 345; Lacon *v.* Mertins, 3 Atk., 1; Ætna Ins. Co. *v.* Tyler, 16 Wend., 385; Lowell *v.* Middlesex Ins. Co., 8 Cush., 127; Shirley *v.* Shirley, 7 Blackf., 452; 4 Tex., 159; 17 Tex., 10; 3 Tex., 476; 11 Tex., 237; Byers *v.* Engles, 16 Ark., 543; 4 Dana, 258; 4 Marsh., 293; Farley *v.* McAlister, 39 Tex., 602.

MOORE, ASSOCIATE JUSTICE.—That a *venditioni exponas* is a writ of execution, and confers upon the officer to whom it is directed authority to sell land upon which the writ of *fieri facias* has been levied, cannot now be regarded as an open question in this court. (Lockridge *v.* Baldwin, 20 Tex., 303; Young *v.* Smith, 23 Tex., 598, and cases cited.) Nor is it perceived that the fact that the land upon which the *fieri facias* is levied is situated in a different county from that where the judgment is rendered detracts from the authority of the court to issue the writ, or in any way invalidates the sale of the land under it. It is not within the scope or authority of the writ of *venditioni exponas* to subject to sale the property to which the general lien of the judgment attaches, but merely that to which a specific right or lien has been acquired by the levy of the *fieri facias*. It will hardly be controverted, we imagine, that the plaintiff in execution acquires a fixed and certain interest in the land upon which his execution is levied, from the date of the levy, which entitles him to have satisfaction of his judgment, by its sale, which cannot be defeated or interfered with by the defendant in execution, or any one setting up a subsequent right or claim to the land through or under him. By the levy, the land is subject to the process of the court, and liable to sale for the satisfaction of the plaintiff's demand, and it thereby becomes subject to a lien or specific charge for this purpose from the date of the levy, until it is lost or abandoned, or in some way ceases to have vitality or effect. The return of the execution, exhibiting an unsatisfied levy, and thereby

showing property of the defendant in *custodia legis* for the satisfaction of the judgment, not only authorizes, but requires, that proper process shall issue for its disposal. This process, as has been often said by the court, is the writ of *venditioni exponas.*

When it is considered for how comparatively short a time the statute has authorized judgment liens to be acquired over land of the defendant, situated in other counties than that in which the judgment is rendered, the suggestion that a *venditioni* could not legally issue, or warrant a sale, unless supported by a judgment lien, would certainly, if there was reason to believe it correct, be well calculated to excite apprehension and alarm in regard to many titles upon which the owners have heretofore reposed with the utmost security and confidence. In consideration of this fact, we have deemed it proper to directly repudiate the views attempted to be maintained by appellant, and to reiterate our unqualified approval of the previous decisions of the court upon the subject.

The court below, in effect, held, by the instructions given the jury, that the protection given creditors against unrecorded deeds by our registration statutes, might, by the record of the deed or other notice of it before the sale of the land under the execution, be rendered entirely nugatory and ineffectual. We had occasion, during the last term at Austin, to consider this precise question, and, after a full and thorough consideration of the previous decisions of this court upon the subject, as well as those in other States whose statutes are similar to ours, we came to a directly opposite conclusion to that expressed in the instructions given the jury by the court below in this case. The elaborate discussion which the subject underwent on that occasion (Grace *v.* Wade and Mains) renders it unnecessary for us to say anything further upon it now. We might, if we thought it necessary, fortify the conclusion at which we then arrived by other reasons, and support it by additional authorities to those then

· cited. We refrained from doing this at the time, however,
not because we supposed the subject or the authorities exhausted, but because in our opinion the further discussion of
the one, or citation of the other, was unnecessary.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.