## UNITED STATES *v.* GAYLE.

*(District Court, E. D. South Carolina.   January 30, 1891.)*

1. SERVICE OF PROCESS—EVIDENCE.

   An affidavit by a deputy-marshal, indorsed on an original writ of personal service thereof on the defendant, prevails over the defendant's denial that the writ was ever served, where the occurrence took place 18 years before.

   ACTIONS ON JUDGMENTS—RES ADJUDICATA.

   In an action on a judgment, where the order for judgment recites that "this writ having been personally served on the defendant, and no appearance having been entered," etc., defendant cannot contend that she had no notice of the original suit, and that the bond on which it was brought against her as surety was void as to her because of her coverture at the time she executed it.

At Law.

Action by the United States against Mittie Gayle.

*Abial Lathrop*, U. S. Atty.

*T. J. Kirkland* and *C. B. Northrop*, for defendant.

SIMONTON, J.   The plaintiff sues upon a judgment obtained by default against the defendant in this court, entered 3d August, 1872, in the sum of $532.58, and offers the record in evidence.   The defendant in her answer denies that she was ever served with the writ in the original case, or that she had any notice whatever of the suit.   She also avers that the cause of action was the bond of her husband as postmaster, dated in 1867, that her name appears as his surety, but that she was then a married woman, under disability as such; and that the bond was void.   The record in evidence has indorsed on the writ the affidavit of the deputy-marshal that he served the defendant personally.   There is excellent authority for the position that the return is conclusive as to the parties to the action.   Murfree, Sher. § 868, and cases quoted in note 2 Crock. Sher. § 44, p. 30.   But, deciding this question as a matter of fact, the contemporaneous entry made by the deputy-marshal of an occurrence 18 years ago prevails with me over the recollection of the defendant.   I am of the opinion that she was properly in court.   The order for judgment filed 3d August, 1872, recites: "This writ herein having been personally served on the defendant, and no appearance having been entered," etc.   This being so, and the action being on a domestic judgment, her defense cannot avail her.

When it appears upon the record that the court had jurisdiction of the person of the defendant, it cannot be controverted.   *Westerwelt* v. *Lewis*, 2 McLean, 514.   It is a maxim in law that there can be no averment in pleading against the validity of a record, though there may be against its operation.   Therefore no matter can be pleaded which existed

anterior to the recovery of the judgment, and the original defendant cannot plead that the judgment was obtained against him by fraud. 2 Saund. Pl. & Ev. 255; Freem. Judgm. §§ 131–133, 150.

In *Cook* v. *Darling*, 18 Pick. 393, in an action of debt on judgment, defendant pleaded that at the time of the commencement of the action he was not, and never had been, an inhabitant of the commonwealth, that he was not in the county in which it was said that he had been served, and that he had no notice of the action. Plaintiff demurred. The court say: "The judgment declared on is a domestic judgment of a court of common-law jurisdiction, to which writ of error lies to reverse the judgment, if erroneous; but, until reversed, it is conclusive. Demurrer sustained."

In *Richards* v. *Skiff*, 8 Ohio St. 586, an offer being made to prove that the defendant at the time of entering judgment was but two years old, and that no service of process had been made on him, the court said: "The record in this case is not silent. It recites that due notice had been given. This is a finding of the court, and, being shown by a record importing absolute verity, cannot be contradicted." See, also, *Walker* v. *Cronkite*, 40 Fed. Rep. 134; *Turner* v. *Malone*, 24 S. C. 403. Notwithstanding that there are some cases to the contrary, the weight of authority is that the case of a *feme covert* is no exception to the rule. Freem. Judgm. § 150, and cases cited.[1] Especially is this true when the record nowhere discloses the fact that the defendant is a *feme covert*. The principle is that, when a party has had his day in court, and has been afforded the opportunity of a defense, the judgment settles all questions made, or which could have been made, pertinent to the issues. So long as such judgment remains unreversed, it is conclusive.

In this proceeding, judgment must be for plaintiff. If the defendant wishes to secure her rights, she must attack the original judgment in some direct proceeding. Freem. Judgm. § 134.

---

[1] Morse v. Toppan, 3 Gray, 411; Swayne v. Lyon, 67 Pa. St. 441; and cases quoted by Freeman in the sections referred to. On the other side, see a list of cases quoted in 12 Amer. & Eng. Enc. Law, p. 89, note 2.