## Thomas J. Russell and Wife v. W. H. Nall.

### No. 55.

**1. Judgment Lien.**—Judgment was rendered February 24, 1891, abstract of judgment was recorded February 26, execution issued March 14, and sale made April 7, 1891, of the land in controversy, which was held by the wife of appellant under deed dated February 9, 1891, and recorded March 9, 1891. *Held*, it is too well settled to require citation of authority, that a judgment creditor having acquired a lien on land through registration of an abstract, or levy of an execution, acquires right superior to that of the grantee of a prior unrecorded deed from the debtor of which such creditor has no notice.

**2. Immaterial Assignments of Error.**—Assignments of error relating to alleged mistakes of the trial judge in the statement of facts approved by him will not be noticed.

**3. Objections to Evidence.**—No objection to the evidence being made in the court below, no motion for a new trial, and no exceptions to the findings of the judge, it is too late to present it for the first time here.

**4. Evidence Admissible upon Issue of Fraud.** — It was competent for plaintiff to inquire into the consideration of a deed from defendant to his wife for another tract of land, for the purpose of showing that thereby the alleged debt forming the consideration of the deed to the land in controversy had been wholly or partially paid, as well as to develop facts pertinent to the question of fraud.

**5. Homestead Subject to Execution.**—An abandoned rural homestead is subject to execution when another has been acquired.

### ON MOTION FOR REHEARING.

**6. Execution Purchaser, When an Innocent Purchaser.** — When judgment had been recorded before the adverse title of a purchaser from the debtor, an execution purchaser thereunder acquires a better title than one holding under the elder adverse deed, not recorded until after the record of the judgment, and of which the execution purchaser had no notice prior to the registry of the judgment, although he did have notice of it before the sale under execution.

**7. Registration of Deed from Husband to Wife.**—The property in controversy was owned by the defendant before his marriage. By his deed to his wife she acquired the legal title, which is within the operation of the registration laws, and is not affected by the doctrine of resulting trusts, as announced in Ross v. Kornrumpf, 64 Texas, 390; McKamey v. Thorp, 61 Texas, 648; Parker v. Coop, 60 Texas, 111; Senter v. Lambeth, 59 Texas, 260; Blankenship v. Douglas, 26 Texas, 229.

**8. Improper Brief — Presumption in Favor of Action of Trial Judge.**—See report of brief and motion for language rebuked by the court. The judge of every court, until otherwise determined in manner prescribed by law, must be presumed to be incapable of intentional wrong or injustice, and must be treated with courtesy and deference by litigants and counsel.

Appeal from Jefferson. Tried below before Hon. Norman G. Kittrell.

*Thos. J. Russell*, for appellant.— 1. An independent fact, not connected with the title to the land in controversy at the trial, such as the

sale of another tract of land, can not be inquired into without the facts connected therewith being fully pleaded, and their connection with the title to the land in controversy fully shown. Life Ins. Co. v. Davidge, 51 Texas, 244; Harrell v. Kemper, 44 Texas, 421; Hollingsworth v. Holshousen, 17 Texas, 41.

2. Plaintiff had notice of the deed from Tom J. Russell to Mrs. L. H. Russell at the time of the issuance of said execution and the purchase of the land, paying no money therefor, but only crediting the amount of his bid upon the execution. He was not an innocent purchaser for a valuable consideration. Ross v. Konrumpf, 64 Texas, 390; McKamey v. Thorp, 61 Texas, 648; Parker v. Coop, 60 Texas, 111.

3. The land was defendants' homestead. Const., art. 16, sec. 51; Miller v. Menke, 56 Texas, 539; Shryock v. Latimer, 57 Texas, 674; Moore v. Whitis, 30 Texas, 440; Shepherd v. Cassiday, 20 Texas, 24.

4. The numerous falsehoods inserted in the statement of facts, which appear to be in the handwriting of plaintiff's attorneys, were inserted for the purpose of defrauding the defendants and sustaining an erroneous judgment, and the court, in the press of business, while holding court in another county, overlooked the said errors, and thus inadvertently approved the statement of facts that is false in many respects.

5. The court erred in signing and approving the statement of facts in this cause, with that part thereof wherein is pretended to be given the testimony of the several witnesses, with the false, fraudulent, and erroneous statement, as heretofore pointed out; as the affidavits and record evidence filed herewith and the motion to correct the record will show.

### FROM MOTION FOR REHEARING.

The court below, in its conclusions, from some cause other than law and justice, made the statement that said deed was made in fraud of creditors, when there was no such charge made in plaintiff's pleadings, and no evidence to found such a conclusion in the opinion of an honest man. And in connection herewith the court is asked to consider the seventh conclusion of the court, that the deed of Tom J. Russell " was made without consideration," etc., and it will find that said conclusion of the court is a false one, and directly in the face of the undisputed facts. The eighteenth and nineteenth assignments of error are referred to. All of these are connected with the question of fraud in the deed of Tom J. Russell to his wife, of February 9, 1891, which the court below, without any plea raising the question of fraud, attempted to lug into the case for the purpose of injuring the appellants.

*Greer & Greer*, for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee sued appellants, in trespass to try title, for the land in controversy. Judgment was rendered in the District Court in appellee's favor for the land, and cancelling a deed from T. J. Russell to his wife, under which they defended.

Appellee showed title as follows: Judgment in his favor against Russell for $1192.25, dated May, 1890, affirmed by Supreme Court February 24, 1891; abstract thereof duly registered, February 26, 1891; execution March 14, 1891; sale April 7, 1891, of the land in controversy, and purchase thereat by himself, and deed to him by the sheriff.

Mrs. Russell asserted title under a deed from her husband of date February 9, 1891, which was not filed for record until March 9, 1891. Appellants claimed, also, that the land was their homestead at the time of the recording of the abstract, the levy of the execution, and the sale thereunder. Appellee, at the time his abstract was filed, and when the execution was levied, had no notice of the deed from Russell to his wife, but received notice before the sale. He also attacked the deed from Russell to his wife, on the ground that it was made with the intent to hinder, delay, and defraud Russell's creditors.

The facts in regard to the claim of homestead, as found by the district judge, and shown by the evidence, are as follows: Russell and his first wife, up to 1873, occupied the land as their homestead. They were then divorced, and Russell continued to live on the place until he married his present wife, in December, 1883. She refused to live there, and neither of them have since done so, though they have gotten some firewood, vegetables, fruits, and the like, from their tenants on the place, which they used for family purposes. The land lies three miles from Beaumont. In 1890 Russell bought lots 15 and 16, in block 4 of the Calder addition to Beaumont, after the same had been cut up into blocks, lots, streets, etc., and a map thereof placed of record. His lots front on Calder Avenue, and he immediately built and occupied, with his wife, his residence on these two lots, and was so living upon and occupying them at the time of this trial in the District Court. He paid for the lots, but there is a lien upon them for balance due for improvements. There were houses north, east, south, and west of him, and lots in the Calder addition were then worth from $250 to $600, the defendant paying $625 for his. A part of this Calder addition runs up to the Crosby Hotel, the chief hotel in the city, though the addition itself lies just outside the corporate limits. The town was incorporated in 1881. The superintendent of the city public schools lives across the street from defendants. Russell is a practicing lawyer and keeps an office in Beaumont. The court found, as a fact, that the Calder addition was a part of the town of Beaumont, and that appellants' homestead was in the town.

The court below held, that the lien acquired by appellee from the registration of the abstract and levy of the execution, was superior to the deed

to Mrs. Russell, and held that such deed was made in fraud of creditors; and that the land was not homestead, and that therefore appellee was entitled to recover.

Many of the assignments of error relate to alleged mistakes made by the trial judge in the statement of facts, and will not be noticed.

There are propositions in appellants' brief, seeking to make the point that evidence, offered by appellee, to meet the claim of title asserted under the deed to Mrs. Russell, was not admissible under the pleadings. There was no objection to the evidence when offered in the court below, no motion for new trial, nor exceptions to the findings of the judge, nor was the point in any way called to the attention of the trial court. It is too late to present it for the first time in this court, and it can not be considered.

There was no error in sustaining the plaintiff's exceptions to defendants' answer, alleging that the plaintiff had not paid to the sheriff the costs of former suit upon his purchase of the land. The sheriff had made the deed to plaintiff, and whether or not he had paid the costs was an inquiry which could not affect the issues involved in this suit. It was shown at the trial that he did pay the costs and had the balance of his bid credited on the execution.

It was competent for plaintiff to inquire into the consideration of the prior deed from Russell to his wife for another tract of land, for the purpose of showing that thereby the alleged debt which formed the consideration of the deed in question had been paid, wholly or partially, as well as to develop facts pertinent to the question of fraud.

It is too well settled to require citation of authority, that a judgment creditor who acquires a lien on land, through registration of an abstract or levy of an execution, acquires a right superior to that of the grantee in a prior unrecorded deed from his debtor, of which such creditor has no notice. It follows, that under the evidence in the case, unless appellants sustained their claim that the land was their homestead, no judgment was proper but that which was rendered. As to such claim, the evidence amply sustains the finding of the court below, that they had abandoned the rural homestead and acquired another in a town or city. They could not hold both, and the land in controversy was therefore subject.

This renders it unnecessary to pass upon the other questions raised in appellants' brief as to the sufficiency of the evidence to sustain the conclusions of the lower court upon other points. Whether such findings were correct or not, the evidence in the particulars we have indicated sustains the judgment, and it is therefore affirmed.

*Affirmed.*

Delivered December 15, 1892.

ON MOTION FOR REHEARING.

PLEASANTS, ASSOCIATE JUSTICE.—We have duly considered appellants' motion for a new hearing, and if we reform the statement of facts, and exclude certain portions thereof, as appellants insist in their briefs should be done, and if we concede that there was no issue of fraud raised by the pleadings upon the trial of the case in the lower court, and that appellee is not an innocent purchaser, still we are of the opinion that there is no error in the judgment of affirmance rendered by this court.

The evidence shows clearly, that the judgment in favor of the appellee against appellant Thomas J. Russell was duly recorded in the office of the county clerk of Jefferson County before the deed from the latter to his wife was registered, and there is no evidence that appellee had notice of such deed, or of any claim to the land by Mrs. Russell, before his judgment was recorded. Under such circumstances the title of the purchaser at the execution sale, although he then had notice that Mrs. Russell was the owner of the land, must be held paramount to hers, notwithstanding the fact that the premises may have been conveyed to her for a valuable consideration, prior to the recording of the judgment against her husband in favor of appellee. This is so by the operation of the statute, which declares all unregistered deeds of conveyance void as to subsequent purchasers and creditors. Wallace v. Campbell, 54 Texas, 90; Grimes v. Hobson, 46 Texas, 418; Borden v. McRae, 46 Texas, 396; Grace v. Wade, 45 Texas, 528; Ayres v. Duprey, 27 Texas, 593.

The conclusion of the court, that the premises in controversy were no part of the homestead of appellants, is, we think, fully sustained by the evidence; and the title of Mrs. Russell being subject to the appellee's judgment lien, it becomes immaterial whether the deed to Mrs. Russell was or was not executed for a valuable consideration, or whether it was or was not executed with the intent to hinder or delay his creditors by the vendor, with the knowledge of such intent by the vendee.

The case of Ross v. Kornrumpf, 64 Texas, 390, to which appellants refer us in support of their motion, is not in conflict with the cases cited above. Ross v. Kornrumpf, like McKamey v. Thorp, 61 Texas, 648; Parker v. Coop, 60 Texas, 111; Senter & Co. v. Lambeth, 59 Texas, 260, and Blankenship v. Douglas, 26 Texas, 229, holds, that the statutes of registration do not apply to equitable titles such as are derived from resulting trusts, as where land is purchased with the separate funds of the wife and the deed of conveyance is made to the husband, or when the deed, though made to the wife, does not by its terms show that it is made to her in her separate right. When such is the case, the creditor, by recording his judgment against the husband, acquires a lien against the ap-

parent title of the husband; but such lien may be avoided by the wife upon giving notice of her title to the creditor before sale of the land.

But in this case, the property in controversy was owned by Thomas J. Russell before his marriage with the appellant Louise H. Russell, and the latter acquired the legal title to the property by direct conveyance from her husband; and her deed therefore must be considered as within the operation of the statutes of registration.

Where the title is one which rests in equity, as we have seen, it is excepted from the operation of the registration laws, for the very obvious reason that such title, from its very nature, can not be registered. But where a married woman acquires the legal title to the land, although the title be through conveyance from her husband, she must register her deed, otherwise it, like any unregistered deed from her husband to a stranger, will be void as to subsequent purchasers or creditors without notice.

The appellant Thomas J. Russell has thought proper to assail the honorable court that tried this cause, and to charge that its judgment was inspired by the malice of the judge. The judge of every court, until otherwise determined in the mode prescribed by the law of the land, must be presumed to be incapable of intentional wrong or injustice; and he must be treated with courtesy and deference by litigants and their counsel. This is essential for the peaceable and orderly administration of justice. We must therefore condemn the conduct of the appellant for the language applied in his brief to the judge of the lower court, and place upon it the seal of reprobation. For similar language applied by counsel in his brief to a judge of the District Court, as shown in the case of Smith v. The State, 5 Texas, 578, proceedings for contempt were instituted both in the District and Supreme Court; and in the District Court the offending counsel was fined and his license revoked. For the present, however, we refrain from ordering an attachment for the appellant. But in justice to him who tried the case in the court below, we are constrained to say, that not one of his conclusions of fact is without some evidence at least to support it; and while it is true that under the pleadings there was no issue of fraud in the case, yet evidence of fraud was admitted, without objection by the appellants, which fully sustained the conclusion of the court, that the deed from appellant Thomas J. Russell to his wife was made with the intent to hinder and delay his creditors. The motion is overruled and a new hearing refused.

*Rehearing refused.*

Delivered January 26, 1893.