## PHILBROOK v. NEWMAN et al.

(Circuit Court, N. D. California. January 19, 1898.)

No. 12,512.

1. CONSPIRACY—CIVIL ACTIONS—DISBARMENT OF ATTORNEY.

An action will not lie for conspiracy to disbar an attorney, where a valid judgment of disbarment has been entered, and is still standing, as the judgment is conclusive that the disbarment was lawful.

2. DISBARMENT OF ATTORNEY—STATE AND FEDERAL COURTS.

A judgment of a state court, having jurisdiction of the subject-matter and of the defendant, disbarring an attorney from practicing before it, cannot be reviewed in an action in a federal court for damages for a conspiracy to procure such disbarment.

3. SAME—PRACTICE.

Disbarment proceedings are of a civil nature, and the charges need not be presented with the particularity and formality required in criminal proceedings.

4. SAME—CONSTITUTIONAL PRIVILEGE.

A judgment of a state court disbarring an attorney from practicing before it does not deprive him of any privilege or immunity secured by the constitution or laws of the United States.

5. SAME—VALIDITY OF JUDGMENT.

A judgment disbarring an attorney for three years, and "until the further order of the court," is not invalidated by the quoted clause, even if it itself is void, for it may be considered as mere surplusage.

6. JUDGES—CIVIL LIABILITY—JUDICIAL ACTS.

Judges of courts of superior or general jurisdiction are not liable to civil suits for their judicial acts, even when in excess of their jurisdiction, and alleged to have been done maliciously or corruptly. Bradley v. Fisher, 13 Wall. 335, followed.

This was an action at law by Horace W. Philbrook against William J. Newman and others to recover damages for conspiring to have plaintiff disbarred from practicing in the courts of California.

Horace W. Philbrook, in pro. per.

John Garber, W. W. Foote, William Craig, R. B. Carpenter, and Edward R. Taylor, for defendants.

KNOWLES, District Judge (orally). This is an action on the part of plaintiff for damages claimed to have been sustained by him because of his wrongful disbarment by the supreme court of California. It is charged that the defendants conspired and wrongfully procured said judgment. Many adjectives are used to describe what are alleged to be the wrongful acts complained of. These adjectives add nothing to the pleading presented. Facts, and not adjectives, are the essential matters in code pleading.

The defendants Hayne and Fitzgerald are charged with the others in conspiring to have plaintiff disbarred, and accomplished this result in company with the other defendants. The complaint shows that that judgment of the supreme court of California still exists; that it has not been vacated or reversed or set aside. The defendants Hayne

and Fitzgerald have moved the court to dismiss the cause as to them. For the purposes of this motion, the facts stated in the complaint must be considered as true. The court is not concerned at this time, under this motion, as to whether they are true or false. Now, it is not wrong for a man to conspire with others to do a legal and proper act. If the court had jurisdiction to enter the judgment of disbarment, then that judgment is evidence that the conspiracy to disbar the plaintiff was a proper and legal act.

A citation was served upon the plaintiff, requiring him to appear before the supreme court of the state of California to answer to the charge of unprofessional conduct towards that court. The defendant appeared, filed an answer to the charge or charges against him, and the matter was argued and considered for near two days, and submitted to the court. The court rendered its judgment against plaintiff. This would show that the court did have jurisdiction of the plaintiff, and it certainly, under the Code of California, did have jurisdiction of the subject of the disbarment of attorneys for unprofessional conduct such as was named in the citation. It was not necessary that these charges should have been presented with the same particularity and formality as is ordinarily required in criminal actions. The proceedings to disbar an attorney are not criminal proceedings, but civil. In the case of Randall v. Brigham, 7 Wall. 523, the supreme court, speaking through Justice Field, said:

"It is not necessary that proceedings against attorneys for malpractice or any unprofessional conduct should be founded upon formal allegations against them. Such proceedings are often instituted upon information developed in the progress of a cause, or from what the court learns of the conduct of the attorney from its own observation. Sometimes they are moved by third parties upon affidavit, and sometimes they are taken by the court upon its own motion. All that is requisite to their validity is that when not taken for matters occurring in open court, in the presence of the judges, notice should be given to the attorney of the charges made, and opportunity afforded him for explanation and defense. The manner in which the proceeding shall be conducted, so that it be without oppression or unfairness, is a matter of judicial regulation."

The supreme court in this case also felt bound by the ruling upon this point by the supreme court of Massachusetts. The case was one similar to the case at bar. The plaintiff had sued one of the justices of the supreme court of Massachusetts because he had participated in disbarring him from practice in the courts of that state. The supreme court of Massachusetts held that the cause was not a criminal one, and the proceeding for disbarment not a criminal proceeding. The supreme court of California entertained the same view, undoubtedly. The matter being considered at bar proves this.

In the case of Ex parte Wall, 107 U. S. 281, 2 Sup. Ct. 569, the supreme court said:

"The causes are quite numerous in which attorneys, for malpractice or other misconduct in their official character, and for other acts showing them to be unfit persons to practice as attorneys, have been struck from the roll upon a summary proceeding, without any previous conviction of a criminal charge."

In this case, also, the court said:

"We have seen that due notice was given to the person disbarred, and a trial and hearing was had before the court in the manner in which such pro-

ceedings against attorneys, when the question is whether they should be struck off the rolls, are always conducted."

The notice or citation was certainly sufficient in this case, because the plaintiff in this case appeared before the court, and made answer to the charges against him.

It seems to be claimed by plaintiff that he .was tried upon other charges than those specified in the citation, and found guilty of these. In support of this, he has copied into his pleadings what he calls the judgment of the court in disbarment proceedings. But I apprehend what is copied as the judgment of the court is not such, but the opinion of the court. The opinion of the court is no part of the judgment of the court. This has been decided in several causes by the supreme court of California. The reference in the opinion or opinions to other offenses against the court was made with the view of guiding the discretion of the court in fixing the punishment to be meted to the plaintiff. If there were a number of charges against the plaintiff, and the court had jurisdiction to hear and determine only one, and that one was sufficient to support the judgment, that would make the judgment valid. In an indictment containing a number of counts, this has been held to be the rule. A verdict and judgment will be sustained if any count is good. Claassen v. U. S., 142 U. S. 140, 12 Sup. Ct. 169; U. S. v. Pirates, 5 Wheat. 184. This is certainly the rule in civil cases. If there is one cause of action stated in the complaint that, if proven, will support the verdict and judgment rendered, that is sufficient.

It is urged that the court had no right to enter the judgment it did, namely, the disbarment of the plaintiff for three years, and until the further order of the court. If the court had no authority to add, in its judgment, "until the further order of the court," this may be considered as surplusage, and disregarded. There is no difficulty in separating this last clause in the judgment of the court from the former, and hence it could not invalidate the former clause. But I do not wish to be considered as expressing any opinion as to whether this last clause was valid or not. This will not invalidate, in a collateral proceeding, that part of the judgment which is valid. We then have a valid judgment disbarring the plaintiff for three years. That judgment cannot be reviewed by this court in this proceeding. This court cannot determine whether the same was a correct judgment. This judgment estops the plaintiff, in any court, from alleging that it is incorrect. As to this case, then, this court is confronted with the fact that the conspiracy charged is to procure a judgment which is valid, and which this court cannot question. This court cannot award any damages, then, for procuring it. This court cannot determine whether it was rightfully or wrongfully procured, as the court had jurisdiction to enter the same. The judgment proves its own correctness. It is claimed, however, that there is a statute of the United States which gives the court the right to examine this judgment. This statute is as follows:

"Every person who, under color of any statute, ordinance, regulation, custom or usage of any state or territory, subjects. or causes to be subjected, any citizen of the United States, or other person within the jurisdiction thereof, to the

deprivation of any rights, privileges or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

I cannot think that the United States, by this statute, intended to confer upon the federal courts the right to review every judgment of a state court in a collateral action, and determine whether or not, as a citizen of the United States, any person had been deprived of any rights, privileges, or immunities secured by the constitution or laws of the United States by the operation of the same. If a court has jurisdiction of the subject-matter and the parties to an action, it would seem that the same ought to import in the federal courts the same verity as in courts of every state in this Union. The statute, however, refers to the rights, privileges, or immunities secured by the constitution and laws of the United States. In the case of Bradwell v. Illinois, 16 Wall. 130, the supreme court, speaking through Justice Miller, said:

"But the right to the admission to practice in the courts of a state is not one of them. This right in no sense depends on citizenship of the United States."

In the case of In re Lockwood, 154 U. S. 116, 14 Sup. Ct. 1082, the supreme court again said:

"In Bradwell v. Illinois, 16 Wall. 130, it was held the right to practice law in the state courts was not a privilege or immunity of a citizen of the United States; that the right to control and regulate the granting of a license to practice law in the courts of a state is one of those powers that was not transferred, for its protection, to the federal government, and its exercise is in no manner governed or controlled by citizenship of the United States in the party seeking such license."

In considering the fourteenth amendment to the constitution of the United States, the supreme court, in what are termed "The Slaughter-House Cases," 16 Wall. 74, 75, pointed out that there were certain privileges and immunities which pertained to citizens of the United States and to citizens of a state, and says:

"If, then, there is any difference between the privileges and immunities belonging to a citizen of the United States, as such, and those belonging to the citizen of the state, as such, the latter must rest for their security and protection where they have heretofore rested, for they are not embraced by this paragraph of the amendment."

The court in this case proceeds to point out that if congress should have the power to regulate the immunities and privileges of the citizens of a state, as such, the effect would be to fetter and degrade the state governments by subjecting them to the control of congress, and would radically change the whole theory of the relations of the state and national governments. In the case of U. S. v. Cruikshank, 92 U. S. 551, the supreme court said:

"No rights can be acquired under the constitution or laws of the United States, except such as the government of the United States has the authority to grant or secure."

In the case of Duncan v. Missouri, 152 U. S. 382, 14 Sup. Ct. 571, the supreme court again says:

"But the privileges and immunities of citizens of the United States protected by the fourteenth amendment are privileges and immunities arising out of

the nature and essential character of the federal government, and granted or secured by the constitution."

Plaintiff received the right to practice law in the courts of California in pursuance of the laws of California, and not by virtue of any provision of the laws or the constitution of the United States. He was disbarred under the provisions of the law of California, and not those of the national government. I think it may be safely asserted, therefore, that the statute under which plaintiff claims the right to bring this action does not apply to this case. In the proceedings to disbar him, he was not deprived of any right, privilege, or immunity secured to him by the constitution or laws of the United States. And it may be said the judgment against him was not entered as a punishment, but for the protection of the court. But plaintiff asserts that he was deprived of his rights without due process of law. I have already partly discussed this question, in considering the jurisdiction of the supreme court of the state in the disbarment proceedings. In the case of Duncan v. Missouri, supra, the supreme court said:

"Due process of law and the equal protection of the law are secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."

The supreme court, in many other decisions, has announced the same doctrine. It is not claimed but that the proceedings to disbar the plaintiff from the practice of the law were the same usually resorted to, not only by the supreme court of California, but all other courts in like cases. The plaintiff, however, claims that the proceedings were arbitrary because he was not cited to answer some of the charges of which he was found guilty. I have answered this by saying, if the charge named in the citation which he was called upon to answer, and which he did answer, was, if found true, sufficient to justify the judgment pronounced, that was sufficient. I cannot see wherein there was any discrimination against the plaintiff, in the proceedings to disbar him, that would show he was not subject to the same rule as any other attorney or counselor at law in like cases within the state of California. It may be said that while the complaint, with many accompanying adjectives, charges that he was disbarred without due process of law, and was not accorded the equal protection of the law, I do not recall the statement of any facts showing this to be true. As I have stated, the statement, in the opinion of the court, of other offenses, was, in my judgment, a statement only of matters which guided its discretion in rendering the judgment it did. The plaintiff charges that the words used in his brief would not bear the construction placed upon them by the supreme court. It is evident this court cannot review the action of the supreme court of California in this particular. This is not a court for the revising of the errors of that court. I will say, however, that the language used in the brief of plaintiff, and of which the supreme court of California complained, would be considered most objectionable and insulting by any court with which I ever had any connection, and it is difficult for me to comprehend how a man of the intelligence and education of the plaintiff could come to any other conclusion. It may safely be said, therefore, that plaintiff was not disbarred without any charges against him.

There was certainly one charge specified in the citation served upon him.

We come back to the proposition first stated, that, as long as that judgment of disbarment stands, there could be no action maintained against the defendants named in the motion for procuring the same, because it must be held that that judgment was right and proper. In regard to the other point, it affects only the defendant Fitzgerald. The supreme court of the United States, in the cases of Randall v. Brigham, 7 Wall. 523, and Bradley v. Fisher, 13 Wall. 335, established the rule that a judge of a court of general jurisdiction could not be sued or made liable in a civil action for any judicial act done within the jurisdiction of the court over which he presided. The language of the decisions is full and complete on this point. The decisions were rendered by Justice Field, whose own experiences made him most sensitive to the rights of attorneys, as the decisions of the supreme court where such rights are considered will indicate. In the case of Randall v. Brigham, supra, he said:

"Now, it is a general principle, applicable to all judicial officers, that they are not liable to a civil action for any judicial act done within their jurisdiction. In reference to judges of limited and inferior authority, it has been held that they are protected only when they act within their jurisdiction. If this be the case with respect to them, no such limitation exists with respect to judges of superior or general authority. They are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, unless, perhaps, where the acts in excess of jurisdiction are done maliciously or corruptly. This doctrine is as old as the law, and its maintenance is essential to the impartial administration of justice. Any other doctrine would necessarily lead to the degradation of the judicial authority, and the destruction of its usefulness. Unless judges, in administering justice, are uninfluenced by considerations personal to themselves, they can afford little protection to the citizen in his person or property. And, uninfluenced by such considerations, they cannot be, if, whenever they err in judgment as to their jurisdiction upon the nature and extent of which they are constantly required to pass, they may be subjected to prosecution at the instance of every party imagining himself aggrieved, and be called upon, in a civil action in another tribunal, and perhaps before an inferior judge, to vindicate their acts. This exemption from civil action is for the sake of the public, and not merely for the protection of the judge, and has been maintained by a uniform course of decisions in England for centuries, and in this country ever since its settlement."

It will be observed in this decision there appears to be an exception. It is intimated, if the judicial act is done outside of the jurisdiction of the court, and is done maliciously or corruptly, the judge might be rendered liable in a civil action. In the case of Bradley v. Fisher, supra, however, this matter came up again for consideration in the supreme court; and the court held that a judge of a court of general jurisdiction, or of a superior court, would not be liable in a civil action for damages, even if he exceeded the jurisdiction of his court, and acted corruptly or maliciously. The court, again speaking through Justice Field, said:

"In the present case we have looked into the authorities, and are clear, from them, as well as from the principle on which any exemption is maintained, that the qualifying words used were not necessary to a correct statement of the law, and that judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."

I do not see, under these authorities, how this action can be maintained against Judge Fitzgerald. The case of Ex parte Virginia, 100 U. S. 339, establishes no different rule than above expressed. In fact, impliedly it supports it. In the opinion of the court, it is maintained that the act complained of was not a judicial act, and that, therefore, the judge who performed the same could be made liable criminally. Justice Field, who dissented from the views of the majority of the court, held that the act was judicial, and therefore the defendant could not be punished for the same. This dissenting opinion explains the opinion of the majority of the court, and shows upon what view it rested. There is some claim that the action could be maintained on account of the publication of the disbarment proceedings in a California Report. But that is not this action. The charge is that all the damages the plaintiff has sustained have resulted from his disbarment. But such an action as plaintiff names could not be sustained against the judges of the supreme court of California; much less, then, against the other defendants, who are not charged with having had any complicity in such publication. The motion is sustained.