## FLETCHER v. WHEAT et al.
### No. 6981.

United States Court of Appeals for the District of Columbia.

Decided Oct. 17, 1938.

Petition for Rehearing and to Modify Opinion Denied Dec. 9, 1938.

Edmond C. Fletcher, of Washington, D. C., pro se.

Frank F. Nesbit, of Washington, D. C., for appellees.

Before STEPHENS, MILLER, EDGERTON and VINSON, Associate Justices.

MILLER, Associate Justice.

Appellant brought an action in the court below against a number of persons, including appellees Wheat and Adkins. In his declaration he alleged that Wheat was Chief Justice of the District Court of the United States for the District of Columbia, that Adkins was a Justice of the same court, but that each was sued in his individual right. The declaration alleged that appellees and others conspired to and did defame and injure appellant to his damage in the sum of $1,000,000.

Appellees' demurrer to the declaration was sustained; appellant elected to stand on his declaration; judgment was ordered for appellees; and this appeal is from the judgment.

The only specific act alleged to have been committed by appellee Wheat was the affixing of his signature to an order, as follows:

"In the Supreme Court of the District of Columbia Holding a General Term

"Disbarment No. 51 (inserted by Clerk)

"In the complaint against Edmond C. Fletcher, a member of the Bar of the Supreme Court of the District of Columbia.

"Order

"Present: The Chief Justice and Associated Justices Stafford, Siddons, Bailey, Gordon, Luhring, Cox, and Proctor.

"The Committee on Grievances having submitted to the Court in General Term a report of their inquiry into the alleged misconduct of Edmond C. Fletcher, a member of the bar of this Court, accompanied by charges of professional misconduct as by the said charges more fully appears, it is this 1st day of May 1931,

"Ordered that said charges be filed with the clerk of this Court;

"And it is further ordered that said Fletcher be served by the Marshal with a copy of this order and of the said charges, certified by the Clerk, and also that he make answer to said charges in accordance with the rule of this Court and show cause why he should not be suspended or removed from his office as a member of the bar; his answer to be made on or before twenty days after such service.

"By the Court:

"Alfred A. Wheat,
"Chief Justice."

The only specific act alleged to have been committed by appellee Adkins was the af-

fixing of his signature to an order, as follows:

"In the Supreme Court of the District of Columbia, Holding a General Term, Disbarment No. 51 .

"In the matter of the disbarment of Edmond C. Fletcher, a member of the Bar of the Supreme Court of the District of Columbia.

"Order of Disbarment

"This cause coming on to be heard on November 2nd, 1931, upon the charges filed by the Committee on Grievances of this Court, the Committee being represented by Bolitha J. Laws and G. Bowdoin Craighill and the respondent appearing on his own behalf; and the evidence having been taken in open court; and the Court finding from the evidence that the charge of the said Committee that the respondent was guilty of malpractice, and unethical and unprofessional conduct rendering him unfit to be a member of this Bar has been sustained and fully made out; it is by the Court, this 14th day of December 1931,

"Ordered, that the respondent, Edmond C. Fletcher, be, and he hereby is, disbarred from hereafter practicing as an attorney or counselor before the Bar of this court; and that he be, and he hereby is, removed from his office as attorney and counselor of the Supreme Court of the District of Columbia; and it is further

"Ordered, that the clerk of this Court strike the name of said Edmond C. Fletcher from the roll of attorneys of the Supreme Court of the District of Columbia; and it is further

"Ordered, that the respondent, Edmond C. Fletcher, be, and he hereby is, prohibited henceforth from either practicing law or holding himself out to be an attorney at law in the District of Columbia.

"By the Court:

"Jesse C. Adkins,
"Associate Justice Presiding."

The declaration contained, also, allegations to the effect that appellees Wheat and Adkins engaged in a conspiracy against appellant, participating therein through the acts of co-conspirators. These acts, it was alleged, consisted in (1) delivering to appellee Wheat a complaint in disbarment against appellant; (2) requesting the assistant clerk in the Supreme Court of the District of Columbia (now the District Court of the United States for the District of Columbia) to notify the Court of Claims when appellant was finally disbarred from practice in the said Supreme Court; (3) striking the name of appellant from the roll of attorneys kept by the said Supreme Court; (4) mailing a certified copy of the document "as next set out above" (the entry striking the name from the record) to the Court of Claims; (5) reporting to William R. Green (a judge of the Court of Claims) that appellant had been disbarred by the said Supreme Court; (6) recommending that appellant be disbarred by the Court of Claims; (7) affixing the names of four of the judges of the Court of Claims to an order disbarring appellant from that court; (8) striking the name of appellant from the roll of attorneys thereof; and (9) mailing to appellant a notice of disbarment from the Court of Claims.

The specific acts alleged to have been committed by appellees came clearly within the scope of their official authority and within the jurisdiction of the court. D.C. Code (1929) tit. 18, §§ 53, 55. This being true they are not liable for damages arising therefrom and appellant cannot maintain an action against them on account thereof; even assuming—and the record pleaded by appellant warrants no such an assumption —that the motives which accompanied or actuated the performance of their official duties may have been improper.

The allegation of conspiracy adds nothing to appellant's declaration. An agreement by public officers to perform the official duties which they are required to perform, followed by performance in accordance with the agreement, does not constitute conspiracy. The record shows on its face that all the acts charged to have been done by the various persons named in the declaration were proper and normal acts, regularly performed by judges, clerks and lawyers in disbarment proceedings. Moreover, we take judicial notice of the fact that the disbarment proceeding set out in appellant's declaration came on appeal to this court and that the order of disbarment was affirmed.[1] To permit the maintenance of an action on the theory of a conspiracy under such circumstances would violate both the letter and the spirit of the beneficent rule which prohibits the harassment of judges and other public officials by retaliatory actions for injuries alleged to result from the performance of official duties.

---

[1] Fletcher v. Laws, 62 App.D.C. 40, 64 F.2d 163.

We have considered carefully appellant's other assignments and contentions and find them to be without merit.[2]

The decision of the lower court is affirmed on the authority of Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, decided June 27, 1938, and cases therein cited.

Affirmed.

---

[2] See Philbrook v. Newman, C.C.N.D. Cal., 85 F. 139, appeal dismissed, 22 S. Ct. 930, 46 L.Ed. 1262; United States v. Gayle, D.C.E.D.S.C., 45 F. 107; Smith v. State, 5 Tex. 578; Steele v. Bliss, 170 Mich. 175, 185, 134 N.W. 1013, 1017, 135 N.W. 931; Caldwell v. Village of Mountain Home, 29 Idaho 13, 22, 156 P. 909, 912.