**FLETCHER v. McMAHON et al.**

No. 7575.

United States Court of Appeals for the District of Columbia.

Submitted Dec. 12, 1940.

Decided March 3, 1941.

Petition for Rehearing Denied April 10, 1941.

Edmond C. Fletcher, of Washington, D. C., pro se.

Edward M. Curran, U. S. Atty., John L. Laskey, Asst. U. S. Atty., Richmond B. Keech, Corp. Counsel, D. C., and James W. Lauderdale, Asst. Corp. Counsel, D. C., all of Washington, D. C., for appellees.

Before GRONER, and LUHRING and O'DONOGHUE, United States District Judges sitting by assignment.

PER CURIAM.

Appellant brought this suit in the court below against John P. McMahon, Karl Kindleberger, and Thomas M. Rives, to recover damages in the amount of $50,000 for alleged false arrest and imprisonment. The suit grew out of the arrest and conviction in the District of Columbia of appellant on an information charging violation of D.C.Code, Supp.V, Tit. 6, Sec. 57.[1]

[1] "Any person who, without lawful authority, shall enter, or attempt to enter, a private dwelling or building against the will of the lawful occupant thereof, or being therein, without lawful authority to remain therein, shall refuse to quit the same on the demand of the lawful occupant thereof; or any person who, without lawful authority, shall enter, or attempt to enter, an unoccupied private

These were the circumstances. Kindleberger was at the time in question an Assistant United States Attorney. Foster, an employee of the Home Owners Loan Corporation, applied to him for a warrant to arrest Fletcher for unlawfully occupying, without its consent, a private dwelling house belonging to the corporation and for refusing, on notice, to vacate. Kindleberger prepared the warrant, and Judge McMahon issued it. Fletcher appeared, pleaded not guilty, and demanded that an information be filed. Kindleberger prepared and filed the information, to which the defendant pleaded not guilty. A trial before Judge McMahon and a jury resulted in conviction. The information charged that Fletcher "did then and there, without lawful authority, enter a certain private dwelling, to wit, 4132 Military Road NW., in the District of Columbia, against the will or consent of the lawful owner thereof, to wit, the Home Owners Loan Corporation, a body corporate, or its duly authorized agent; and being therein, did refuse to quit the same on demand of the said lawful owner thereof, or its duly authorized agent."

The grounds of the action for damages are (1) that the information was invalid in that it failed to show the commission of any offense because in describing the dwelling house it omitted the descriptive word "unoccupied" and other language contained in the statute; and (2) that the court was without jurisdiction because the information on its face shows that title to real estate was involved, a subject matter not within the jurisdiction of the police court. After his conviction, Fletcher applied to this court for review, and upon denial, he applied to the Supreme Court of the United States for certiorari, which was likewise denied. Fletcher v. United States, 305 U.S. 595, 59 S.Ct. 70, 83 L.Ed. 376. Appellant then served his sentence.

In the instant case, the defendants McMahon, Kindleberger, and Rives moved to dismiss the complaint; McMahon, on the ground that he was the judge of the police court of the District of Columbia and in respect to the matters alleged against him was acting in the discharge of his judicial functions and was not personally liable or subject to suit therefor; Kindleberger, on the ground that the acts done by him were in the course of his official duty as an Assistant United States Attorney, for which he is not liable or subject to suit; Rives, on the ground that the complaint and commitment directed to him as superintendent of the jail being in all respects valid upon its face, it was his official duty to carry out its provisions. The trial court dismissed the complaint on the authority of Fletcher v. Wheat, 69 App.D.C. 259, 100 F.2d 432, and Booth v. Fletcher, 69 App. D.C. 351, 101 F.2d 676.

The single question before us is whether the police court had jurisdiction of the criminal information against Fletcher. If it be held that the court did have jurisdiction of the subject matter and of the person of Fletcher, the alleged insufficiency of the information would not divest it of its jurisdiction. "Jurisdiction is the power to decide a justiciable controversy, and includes questions of law as well as of fact. A complaint, setting forth a substantial claim under a federal statute presents a case within the jurisdiction of the court as a federal court, and this jurisdiction cannot be made to stand or fall upon the way the court may chance to decide an issue as to the legal sufficiency of the facts alleged any more than upon the way it may decide as to the legal sufficiency of the facts proven. Its decision either way upon either question is predicated upon the existence of jurisdiction, not upon the absence of it." Binderup v. Pathe Exchange, 263 U.S. 291, 305, 44 S.Ct. 96, 98, 68 L.Ed. 308. See also National Ben. Life Ins. Co. v. Shaw-Walker Co., 71 App.D.C. 276, 284, 111 F.2d 497, 505. And in Lamar v. United States, 240 U.S. 60, 36 S.Ct. 255, 60 L.Ed. 526, the court had before it the question whether the failure of an indictment to charge a crime against the United States presented a question of jurisdiction within the meaning of § 238 of the Judicial Code, 28 U.S.C.A. § 345, and held in the negative, saying (page 64 of 240 U.S., page 256 of 36 S.Ct., 60 L.Ed. 526):

dwelling or building against the will or consent of the lawful owner thereof, or his duly authorized agent, or being therein, without lawful authority to remain therein, shall refuse to quit the same on the demand of the lawful owner thereof, or his duly authorized agent, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding $50 or imprisonment in the jail for not more than six months, or both, in the discretion of the court. (Mar. 3, 1901, 31 Stat. 1324, c. 854, § 824; Mar. 4, 1935, 49 Stat. 37, c. 23.)"

"And nothing can be clearer than that the district court, which has jurisdiction of all crimes cognizable under the authority of the United States (Judicial Code of March 3, 1911, chap. 231, § 24, second [28 U.S.C.A. § 41 (2)]), acts equally within its jurisdiction whether it decides a man to be guilty or innocent under the criminal law, and whether its decision is right or wrong. The objection that the indictment does not charge a crime against the United States goes only to the merits of the case."

■ Section 152 of Tit. 18, D.C.Code, gives the police court of the District of Columbia jurisdiction "of all crimes and offenses committed in the said District not capital or otherwise infamous and not punishable by imprisonment in the penitentiary." The charge on which appellant was arrested, tried, and convicted is declared by Section 57, Tit. 6, to be a misdemeanor punishable by a $50 fine and/or six months' imprisonment. We have no doubt, therefore, that the police court under these statutes was duly clothed with jurisdiction to try appellant under the charge that he had unlawfully entered and unlawfully declined to leave a dwelling house in the District of Columbia. The omission of a few words contained in the statute would not affect the case. "Jurisdiction, as distinguished from merits, is wanting only where the claim set forth in the complaint is so unsubstantial as to be frivolous, or, in other words, is plainly without color of merit." Binderup v. Pathe Exchange, supra. The omissions did not go this far. It is, therefore, of no consequence here whether the police court on the trial and after a plea of not guilty, properly applied the law. It is enough that it had jurisdiction to try the issues and render the judgment.

■ Nor are we any more impressed with the point that a question of fact arising on such a trial involving title to real property would affect the jurisdiction. It is quite true that the District of Columbia statutes confer exclusive jurisdiction of controversies involving title to real estate in civil cases on the United States District Court, but those statutes do not exclude a determination of that question, when it becomes an issue in a criminal case, in the police court. To hold otherwise would make it impossible for that court to exercise the jurisdiction conferred upon it to try a person charged with violation of the statute with which we are concerned. Nor is there any doubt that Judge McMahon, under the established rule, is immune from civil suit for damages caused by acts done in the performance of his judicial duty. Fletcher v. Wheat, 69 App.D.C. 259, 100 F.2d 432. The same rule applies in the case of Kindleberger for acts done by him in the discharge of his official duty. Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 118 A.L.R. 1440. Action for false imprisonment is not maintainable against superintendent Rives because he acted on process legally sufficient in form and duly issued by a court or officer having jurisdiction to issue it. Whitten v. Bennett, 2 Cir., 86 F. 405; 22 Amer.Jur., False Imprisonment, §§ 66, 67.

We are of opinion that the court below was right in dismissing the complaint.

Affirmed.