## NEW JERSEY PATENT CO. et al. v. MARTIN.

(Circuit Court, N. D. Iowa, C. D. February 3, 1909.)

### No. 171.

1. **INJUNCTION (§ 230\*)—VIOLATION—CIVIL CONTEMPT.**
   Complainant cannot maintain proceedings for a civil contempt for the violation of an injunction until its rights have been determined on the merits.
   [Ed. Note.—For other cases, see Injunction, Dec. Dig. § 230.\*]

2. **INJUNCTION (§ 232\*)—CRIMINAL CONTEMPT.**
   Punishment imposed to uphold the authority of the court for disobedience of an injunction is for criminal contempt, and the penalty is for the benefit of the United States.
   [Ed. Note.—For other cases, see Injunction, Dec. Dig. § 232.\*]

3. **CONTEMPT (§ 60\*)—HEARING—PROOF.**
   Where a conviction for contempt might subject the defendant to imprisonment, he should not be tried on ex parte affidavits, but on oral testimony taken before a special examiner, whether the contempt be civil or criminal.
   [Ed. Note.—For other cases, see Contempt, Dec. Dig. § 60.\*]

On Citation for Contempt.

Frank L. Dyer and Kelleher & O'Connor, for complainants.
Wesley Martin, for defendant.

REED, District Judge. The defendant, upon application of complainants, has been cited to show cause why he should not be punished for the violation of the temporary injunction heretofore issued against him in this suit. In support of the citation, complainants have taken and submitted a number of affidavits of different persons, which they claim show that defendant has intentionally violated the temporary injunction. Upon the hearing the defendant objected to the use of such affidavits, for the reason that the charge against defendant is criminal in its nature, and cannot be rightly determined upon ex parte affidavits which afford him no opportunity to cross-examine the affiants. The complainants' rights have not been determined, and until they are they would not be entitled to have punishment imposed for their benefit as compensation for any damages they may have sustained because of the defendant's acts; and the punishment would only be imposed to uphold the authority of the court, and punish disobedience of its orders. This would be what is denominated a criminal contempt, and the penalty imposed, if any, would be for the benefit of the United States. Bessette v. W. B. Conkey Co., 194 U. S. 324–328, 24 Sup. Ct. 665, 48 L. Ed. 997; Matter of Christensen Engineering Co., 194 U. S. 458, 24 Sup. Ct. 729, 48 L. Ed. 1072; In re Nevitt, 117 Fed. 448, 54 C. C. A. 622. But whether the contempt be regarded

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as civil or criminal, the defendant should not be convicted thereof, which might subject him to imprisonment in either case, upon the ex parte affidavits of witnesses. It may be that some courts have permitted the use of affidavits upon the hearing in such cases. But it is doubtful, to say the least, if such a practice is permissible, especially when objected to by the defendant. In any event, it is not deemed a safe one to adopt. The objections of the defendant to the use of such affidavits upon this hearing are therefore sustained, and complainants will be afforded an opportunity to take their testimony in support of their alleged violation by defendant of the temporary injunction by oral examination of their witnesses before a special examiner, upon due notice to the defendant. The parties may agree upon such examiner, but, failing to do so, the court will appoint one, before whom the testimony of both parties may be taken and reported to the court.

It is ordered accordingly.