# UNITED STATES EX REL. ALWARD v. LATIMER.

COURTS; JUVENILE COURT; CONTEMPT; ATTORNEYS.

1. The supreme court of the District of Columbia has the power to issue the writ of certiorari to the juvenile court of the District of Columbia when it is proceeding or is about to proceed without jurisdiction. (Following *Bradshaw* v. *Earnshaw*, 11 App. D. C. 495, and *United States* v. *West*, 34 App. D. C. 12.)

2. The juvenile court of the District of Columbia has, under the act of Congress of March 19, 1906 (34 Stat. at L. 73, chap. 960), creating it, the power to punish a contempt by a fine not exceeding $20 and imprisonment for not more than 48 hours; and this power is not limited to contempts committed in the presence of the court, but extends to those which tend to obstruct the administration of justice in that court.

3. In a proceeding against an attorney for a contempt of court, a formal accusation is not necessary in order to give the court jurisdiction, but notice of the charge against him and opportunity to explain and vindicate his conduct are sufficient.

4. The juvenile court of the District of Columbia has the power to suspend an attorney from practice before it, and is justified in doing so where the attorney has aided and abetted an accused person in evading a trial.

No. 2812. Submitted October 6, 1915. Decided November 1, 1915.

HEARING on an appeal by the relator from a judgment of the Supreme Court of the District of Columbia quashing a writ of certiorari. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment of the supreme court of the District quashing a writ of certiorari and dismissing the same.

The petition of I. Q. H. Alward alleges that he is a citizen of the United States and a member of the bar of the supreme

court of the District; that on October 29, 1914, he was served with a subpœna of the juvenile court of the District of Columbia requiring him to attend said court on that day as a witness for the defendant, one John Zell, in a case in that court; that he attended said court in obedience to its summons, and was surprised to find that the judge of said court was about to attempt an investigation of petitioner's conduct in his relations with a former client, the said John Zell, and over the protest of petitioner proceeded to hear testimony in an effort to show that petitioner had taken said Zell to his farm in Maryland while a nonsupport case was pending against him in the said juvenile court, and had, thereby, been guilty of contempt.

The evidence was conclusive that whatever advice was given to Zell was given in the office of the relator in the Columbian Building.

Immediately after announcing his decision in the Zell Case, the respondent caused the following rule to be served upon the petitioner:

"Whereas, it appears that one I. Q. H. Alward, an attorney at law in this District, did attempt to hinder and delay the administration of justice in this court, in that in the case of the United States v. Zell, pending in this court, he did advise said Zell to absent himself from the jurisdiction of this court and thus evade the process and other orders of this court, and did aid and abet said Zell in so absenting himself, it is by the court,

"Ordered, That the said I. Q. H. Alward show cause, if any he has, on Monday, November 2, 1914, at 10 o'clock A. M., why he should not be adjudged in contempt of this court, and suspended from practice therein."

That on November 2, 1914, your petitioner, being unable to fully complete his answer to the said rule, attempted by telephone and by a request made in person to the judge, upon the opening of said court, to secure an extension of time from one to two hours, within which to complete his answer.

Respondent not only refused this right, but refused to permit petitioner to secure the attendance of his counsel, and required the relator to proceed to an immediate hearing.

Petitioner thereupon interposed the following objections to the jurisdiction of the said court:

1. There is no authority vested in the juvenile court to institute of its own motion and to be heard before it, any proceedings.

2. That being an inferior court of limited jurisdiction, it has no power to punish for contempt committed out of its presence.

3. Disbarment proceedings can only be instituted in the way provided by law, and, as the juvenile court has no bar, no person can be disbarred from practice before it.

4. That if any offense had been committed it was the common-law offense of obstructing justice, over which the juvenile court has no jurisdiction.

Respondent declined to rule on petitioner's objections, and proceeded to hear testimony.

At the conclusion of the hearing on the alleged rule respondent took the matter under advisement, and requested that a brief on the question of law be filed, which was done November 4, 1914.

Thereafter, on the 6th of November, petitioner was served with another alleged rule.

This rule is practically the same as that heretofore recited.

Petitioner avers that the said judge of the juvenile court is about to subject petitioner to the embarrassment of another hearing for an alleged contempt committed, if at all, out of the presence of said court, and upon an alleged rule to show cause which is not supported by any sort of a petition or affidavit.

That the said juvenile court is without jurisdiction to hear and determine the issues raised by the said alleged rule to show cause, because of its being a court of limited or inferior jurisdiction, and having power to punish only such contempts as may be committed in its presence; said issues have already been passed upon by respondent adversely to petitioner; that petitioner is without adequate means of protecting his rights as a citizen and member of the bar without the intervention of this court by its writ of certiorari.

He prays that the writ of certiorari may issue to the said

J. Wilmer Latimer, judge of the juvenile court, requiring him to certify to this court all the papers and records in his custody relating in anywise to the said rules to show cause.

That upon return of said writ the said rule to show cause and all and every action in connection therewith may be quashed and annulled, and respondent directed to set aside all proceedings to be had thereon.

Writ of certiorari was served upon respondent, whose return shows the rule aforesaid and the substituted rule and a copy of the proceedings in said court.

Respondent moved to quash the writ on the ground (1) that the juvenile court of the District has jurisdiction to punish for contempts interfering with the administration of justice in that court; (2) the juvenile court has inherent jurisdiction to suspend from practice before the court any person guilty of the misconduct recited in the rule to show cause.

Said motion was sustained and judgment for costs entered thereon against defendant.

*Mr. F. Edward Mitchell* for the appellant.

*Mr. Conrad H. Syme,* Corporation Counsel, *Mr. Francis H. Stephen,* Assistant, and *Mr. George E. Sullivan* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The right of the supreme court of the District to issue writs of certiorari to the juvenile court when it is proceeding, or is about to proceed, without jurisdiction, is not denied. *United States* v. *West,* 34 App. D. C. 12–17; *Bradshaw* v. *Earnshaw,* 11 App. D. C. 495–499; *Harris* v. *Barber,* 129 U. S. 366–371, 32 L. ed. 697–700, 9 Sup. Ct. Rep. 314.

The question presented is: Was the juvenile court without jurisdiction to punish for contempt?

The act of Congress of March 19, 1906, creating the juvenile

court, confers power upon that court to punish contempts by a fine not exceeding twenty dollars ($20) and imprisonment for not more than forty-eight (48) hours. 34 Stat. at L. 73, chap. 960.

This power is not limited to contempts committed in the presence of the court, but extends to those which tend to obstruct the administration of justice therein.

The question of jurisdiction is not affected by the fact that there was no formal accusation against the petitioner, or affidavit of the grounds of contempt.

He was served with a notice of the charge against him, and had ample opportunity to explain and vindicate his conduct.

The formal accusation was not necessary to the jurisdiction of the court. *Re Savin,* 131 U. S. 267–279, 33 L. ed. 150–154, 9 Sup. Ct. Rep. 699.

There is no special bar of the juvenile court; all members of the bar of the supreme court of the District of Columbia are permitted to practise therein.

The rule served on the petitioner is not that he show cause why he should be disbarred, but simply that he should be suspended from practice before that court.

The power to suspend from practice in that court is one that is within its sound discretion.

The order suspending petitioner does not mean that he shall not practise his profession, but simply that his right to do so will not be recognized in that tribunal.

We think that the court would be authorized to suspend an attorney from practice before that court in a case where he has aided and abetted a prisoner in evading a trial. *M'Whorter* v. *Bloom,* 3 N. J. L. 545.

The judgment is affirmed, with costs.          *Affirmed.*