### In re FLETCHER.
### No. 7207.

United States Court of Appeals for the District of Columbia.

Decided Oct. 16, 1939.

Rehearing Denied Nov. 20, 1939.

Edmond C. Fletcher, of Washington, D. C., in propria persona.

Charles F. Wilson, Edmund L. Jones, and Austin F. Canfield, all of Washington, D. C., for Committee on Admissions and Grievances of the District Court.

Before STEPHENS, EDGERTON, and VINSON, Associate Justices.

PER CURIAM.

This is an appeal from an order of the United States District Court for the District of Columbia adjudging the appellant to be in contempt of that court and sentencing him to pay a fine of one hundred dollars, or, on default thereof, to be committed to jail for thirty days.

The appellant was disbarred by an order of the District Court on December 14, 1931, and forbidden either to practice law or to hold himself out to be an attorney at law in the District. The order of disbarment was affirmed by this court. Fletcher v. Laws, 1933, 62 App.D.C. 40, 64 F.2d 163. On October 12, 1937, the Committee on Admissions and Grievances of the District Court filed a report in that court stating that the appellant had within the last three years conducted himself as a member of the bar by undertaking as an attorney to represent clients, by threatening to file suits as an attorney, and by describing himself as a lawyer; and that he continued to do so. Attached as an exhibit to this report was a letter, addressed to the United States Marshal, purporting to be signed by the appellant as "personal attorney," on a letterhead describing him as "lawyer," and threatening suit against the Marshal by persons whom the appellant claimed to represent. The court issued an order to show cause why the appellant should not be adjudged guilty of contempt of the order of disbarment. The appellant moved to quash the order to show cause. This motion was denied, and the appellant then filed a verified answer in the course of which he admitted sending the letter referred to. A trial was had in which the Grievance Committee introduced the order of disbarment and the letter; the appellant introduced only his answer to the order to show cause. The District Court then entered the contempt order from which this appeal is taken.

Of the many errors urged by the appellant and arguments made with respect thereto, we think it necessary to discuss only the following:

■ The appellant contends that the order to show cause was void because signed by a single judge, although purporting to be issued by the District Court in General Term. But the order was signed "By the Court: Jennings Bailey, Presiding Justice," and on its face states: "Present: Justices Bailey, (Presiding) Cox and Proctor."

■ The appellant attacks the order to show cause also upon the ground that it was not based upon the allegations in the report of the Grievance Committee pursuant to which it was issued. He points out that the order refers to the disbarment order as having been entered on December 14, 1931, whereas the report gives the date as November 11, 1931. This is obviously a clerical error in the report. November 11, 1931, is the date of the filing of the findings of fact in the disbarment proceeding. Fletcher v. Laws, 62 App.D.C. 40, at page 41, 64 F.2d 163, at page 164. The record in the instant case shows that December 14, 1931, is the date of the disbarment order. Moreover, there is no contention that there was more than one disbarment order, and the appellant could not have been harmed by the misdescription. He was well advised by the order to show cause that he was accused of violating an order of disbarment entered against him by the District Court in the year 1931. He had himself appealed from that order in Fletcher v. Laws.

■ The appellant attempts to attack the validity of the disbarment order itself. But, as above stated, the order was affirmed by this court. Fletcher v. Laws, supra. No new objections to its validity are raised. The appellant asserts that this court had no power to review the disbarment proceeding through an appeal and thus seeks to attack the affirmance of the disbarment order, contending that since the point is jurisdictional he is not barred from raising it by having taken the appeal.

We impliedly recognized the right of appeal in Fletcher v. Laws itself. Appellant refers, however, to Laughlin v. Wheat, 1937, 68 App.D.C. 190, 95 F.2d 101, where we said that mandamus was the proper remedy to test the power of the District Court summarily to suspend an attorney from practice during the period prior to the hearing on a motion for his disbarment. In recognizing that mandamus was the appropriate remedy in that particular situation—where obviously only the extraordinary remedy of mandamus would have been adequate—we did not mean to indicate that there could be no appeal from a final order of disbarment. We have frequently recognized that such an order is reviewable by appeal. E. g., Mullen v. Canfield, 70 App.D.C. 168, 105 F.2d 47, decided by this court April 3, 1939; Costigan v. Adkins, 1927, 57 App.D.C. 153, 18 F.2d 803; Garfield v. United States ex rel. Stevens, 1908, 32 App.D.C. 109; In re Adriaans, 1907, 28 App.D.C. 515.

■ The appellant contends that the District Court had no power to disbar him from practice except in that court and that the letter evidences no practice, or representation that he was entitled to practice, in that court. He cites United States ex rel. Alward v. Latimer, 1915, 44 App. D.C. 81, where we said that an order of disbarment from the Juvenile Court did not mean that the disbarred attorney was forbidden to practice his profession, but simply that his right to do so would not be recognized in that tribunal. We there stated that the Juvenile Court is one of limited jurisdiction without a bar of its own.[1] In Bowles v. Laws, 1930, 59 App. D.C. 399, 45 F.2d 669, we sustained a judgment of contempt in the District Court founded upon facts similar to those in the instant case, thus impliedly recognizing the power of the District Court to regulate the practice of law outside of the court as well as in the court. It is held by the great weight of authority that it is within the inherent power of courts of general jurisdiction to define and regulate the practice of law and that this power includes the control of practice not only in the court, but also outside. See Opinion of the Justices, 1935, 289 Mass. 607, 194 N.E. 313; Judd v. City Trust & Savings Bank, 1937, 133 Ohio St. 81, 12 N.E.2d 288; Rhode Island Bar Association v. Automobile Service Association, 1935, 55 R.I. 122, 179 A. 139, 100 A.L.R. 226; In re Morse, 1924, 98 Vt. 85, 126 A. 550, 36 A.L.R. 527; cf. Mullen v. Canfield, supra. The appellant also contends that the sending of the letter did not constitute a representation by him that he was authorized to practice law; but we think that it did and that the holding of the lower court to such effect was correct.

■ The appellant contends that the contempt proceeding was void because not initiated by an affidavit, rather than by the report of the Grievance Committee. There is in the statute governing contempts of this nature no affirmative requirement of an affidavit. Act of March 3, 1911, § 268, 36 Stat. 1163, 28 U.S.C.A. § 385. It has been held that an affidavit is not necessary. Bowles v. United States, 4 Cir., 1931, 50 F.2d 848. But aside from this, the answer of the appellant admitted the sending of the letter which was the subject of the Grievance Committee's report.

■ The only other point requiring mention is a contention of the appellant that the sentence of contempt was invalid because it failed to specify to whom the payment of the fine should be made. The contempt is criminal, rather than civil, in nature. In re Morse, supra. The fine is, therefore, payable to the United States, and, accordingly, to the Clerk of the District Court. Norstrom v. Wahl, 7 Cir., 1930, 41 F.2d 910; New Jersey Patent Co. v. Martin, C.C.N.D.Iowa 1909, 166 F. 1010; Butte & Boston Consolidated Mining Co. v. Montana Ore Purchasing Co., C.C.D.Mont.1907, 158 F. 131; cf. Matter of Christensen Engineering Co., 1904, 194 U.S. 458, 24 S.Ct. 729, 48 L.Ed. 1072. Therefore, the omission to specify to whom the fine should be paid was immaterial.

We have considered all of the other errors assigned and arguments made by the appellant but not herein specifically adverted to. They are without merit.

Affirmed.

---

[1] We have since held, overruling United States ex rel. Alward · v. Latimer, that the Police Court has no power to disbar attorneys even from practice in that court. Mullen v. Canfield, supra.