**FLETCHER v. EVENING STAR
NEWSPAPER CO.**

No. 7429.

United States Court of Appeals for the
District of Columbia.

Decided June 28, 1940.

Edmond C. Fletcher, of Washington, D. C., pro se.

Edmund L. Jones and George Monk, both of Washington, D. C., for appellee.

Before STEPHENS, MILLER, and RUTLEDGE, Associate Justices.

RUTLEDGE, Associate Justice.

The appeal is from an order sustaining appellee's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Appellant sued for libel on account of the publication of a newspaper article, set forth below,[1] which he says falsely stated that he had been disbarred. Appellee admits the publication, but says the statement is true and that the District Court and we have judicial knowledge that it is so from previous judicial proceedings here and below. Accordingly it is said that the only issues on the pleadings are of law and have been determined below rightly in appellee's favor. We concur in this view.

The orders of disbarment referred to in the article have been before this court in one way or another frequently since 1932.[2] On each occasion appellant has attacked their validity, directly or indirectly, on the ground that the respective courts were without jurisdiction to enter or review them. He raises these questions again in this suit, though in relation to relief he has not sought heretofore. Our previous decisions are not technically res judicata as between appellant and appellee, since the latter was not a party to any of the prior proceedings. But those determinations are conclusive against appellant, unless we are now to repudiate what we have done repeatedly and consistently whenever the issues involved in them have been raised. Since we have no question concerning the propriety or validity of the actions previously taken, mere reference to them would be sufficient to dispose of this appeal. But consideration for appellant's unfortunate circumstances, though created solely by his own conduct, unites with desire to avoid even the appearance of cursory disposal in dictating that we meet the old issues in their new garb as if they were here in pristine virginity. To do so and in order to state the facts accurately, brief reference to the previous litigation is required.

In Fletcher v. Laws, 1933, 62 App.D.C. 40, 64 F.2d 163, we affirmed an order of the District Court which disbarred appellant from practicing as attorney or counselor before the bar of that court. Thereafter proceedings were had in the Court of Claims which resulted similarly. In Fletcher v. Wheat, 1938, 69 App.D.C. 259, 100 F.2d 432, we affirmed the District Court's decision sustaining a demurrer to

---

[1] "$1,000,000 Asked for Disbarment.

"Edmond C. Fletcher Sues 17, Charging Conspiracy to Wreck Career.

"Suit for $1,000,000 was filed in District Court late yesterday by Edmond C. Fletcher, disbarred attorney, against 17 persons whom he charged with responsibility for his disbarment.

"Among the defendants were Chief Justice Alfred A. Wheat and Justice Jesse C. Adkins of the District Court and Chief Justice Fenton W. Booth and Associate Justices Thomas S. Williams, Richard S. Whaley, William R. Green, and Benjamin H. Littleton of the United States Court of Claims.

"Others were William L. Hart, chief clerk, and Fred C. Kleinschmidt, assistant clerk of the Court of Claims; Charles B. Cofton, described as a clerk in the District Court; Bolitha J. Laws, J. Bowdoin Craighill and Frank H. Myers, members of the Grievance Committee; J. Harry Covingington, John F. Mc-

Carron and Jesse I. Miller, attorneys who presented the complaint against Fletcher to the Court of Claims, and Edward K. Campbell.

"Fletcher charged that the defendants 'wickedly conspired' against him to 'blast into oblivion all his prospects for professional fame and eminence.'

"He asked $500,000 actual damages and $500,000 exemplary damages. His suit was filed in proper person.

"His disbarment was affirmed April 4, 1933, by the United States Court of Appeals and his name stricken from the rolls of attorneys privileged to practice before the District Court. On December 4, 1933, he was disbarred from the Court of Claims.

"The events leading up to his disbarment resulted from his prosecution of a claim by the city of Cape May, N. J., before the Court of Claims.

"Fletcher was admitted to the District Court bar November 6, 1919."

[2] Cf. cases discussed infra.

a declaration in an action for damages charging that the justices of that court who participated in the disbarment proceedings acted beyond their jurisdiction and pursuant to a conspiracy with others not parties to that appeal to defame and injure appellant professionally. In Booth v. Fletcher, 1938, 69 App.D.C. 351, 101 F.2d 676, appellant again indirectly challenged the validity of the orders disbarring him entered by the District Court and the Court of Claims. The immediate challenge was to the authority of the Attorney General and his associates to appear as attorneys on behalf of named defendants, including members of these courts who participated officially in the respective disbarment proceedings. As against appellant's renewed assertion that the respective courts were lacking in jurisdiction, their acts therefore void, and his suit in consequence one against the defendants "in their individual capacity," not officially, we sustained the Attorney General's authority to appear. Finally in Re Fletcher, 1939, 71 App.D.C. 108, 107 F.2d 666, we affirmed an order of the District Court adjudging appellant to be in contempt of that tribunal for violation of its previous order of disbarment.

Throughout this extensive and painful litigation, appellant has refused to recognize the orders of disbarment as having legal force and effect. He has maintained consistently and persistently that they are nullities, made in excess of the jurisdiction of the respective courts, and constitute purely personal acts by the participating judges, stripped of all official character. In his declaration he asserts that "he is now and was at the time of" publication of the article "an attorney and counsellor at law, engaged in the practice of law in the District of Columbia" and elsewhere. He says that the article is false and libelous "in so far as it states in the caption thereof, to wit, '$1,000,000 Asked for Disbarment' * * * charges in the body thereof that the plaintiff * * * is a disbarred attorney * * * that the plaintiff's disbarment was affirmed April 4, 1933, by the United States Court of Appeals and his name stricken from the rolls of attorneys privileged to practice before the District Court * * * that the plaintiff was disbarred from the Court of Claims on December 4, 1933 * * * that the events leading up to plaintiff's disbarment resulted from his prosecution of a claim by the city of Cape May, N. J., before the Court of Claims * * * and * * * implies * * * that the plaintiff * * * was prohibited from practicing his profession of law in the District of Columbia, and elsewhere in the United States."

Appellee filed a plea to the declaration, the short effect of which was to admit publication of the article, allege that it related to and truthfully reported the results in the disbarment proceedings, and set forth accurately the facts concerning institution of the suit for damages. The plea pointed out that the court's official records show these proceedings and their consequences, and the usual allegations concerning fair comment, privileged publication and want of malice were made.

December 16, 1938, appellee filed its motion for summary judgment, with a supporting affidavit by its attorney [3] and a certified copy of the Court of Claims' order of disbarment. Appellant's opposition challenged the sufficiency of the affidavit and alleged that the orders of disbarment and this court's affirmance of the District Court's order were void for want of jurisdiction. It was urged that jurisdiction was lacking in the District Court "because of the want of jurisdiction of a single Justice to make" the order, and in his affidavit appellant asserted as facts allegedly supporting his contention "that the complaint * * * was * * * presented to Chief Justice Wheat at his chambers, and at no other place"; that the order requiring appellant to show cause "was signed by said Alfred A. Wheat, in his chambers, and at no other place"; and "that the alleged order of disbarment * * * was signed only by Jesse C. Adkins, in his chambers, and at no other place." Jurisdiction was said to be lacking in the Court of Claims because the proceeding "was never before the Court of Claims of the United States, but was begun, and concluded, in the chambers of Judge William R. Green, by him and his Judicial Associates; and that this affiant, Edmond C. Fletcher, has never been before said Court of Claims of the United States, or any Judge thereof, in respect to any disbarment proceedings." As to our own jurisdiction on appeal it was claimed that we had no jurisdiction "over the subject-matter, hence, said affirmance is void for want of jurisdiction to render it."

---

[3] As will appear, it is not necessary to consider the grounds of appellant's challenge to the sufficiency of the affidavit. See text infra circa note 10.

In this state of the record, after hearing, appellee's motion for summary judgment was granted March 27, 1939. This appeal followed.

■ It is obvious from the foregoing recital that the only issue presented by the pleadings when the court granted the motion for summary judgment was one of law, namely, whether the District Court, the Court of Claims and this court, respectively, had jurisdiction in the disbarment and appellate proceedings referred to in the article. Appellant's entire case turns upon the existence or absence of such jurisdiction. If each of these tribunals had jurisdiction and exercised it, the statements of the article are true and there was no libel. Reports of judicial proceedings, made fairly and accurately, are privileged, unless published with malice.[4] Although the declaration alleges and the plea denies that the publication was made in this case maliciously, appellant sets forth in his pleadings and argument no specific facts to show the existence of malice in fact or otherwise than by inference merely from the publication of the article which is claimed to be false, and his affidavit filed in opposition to appellee's motion for judgment shows clearly that his pleading was intended to charge only malice resulting from such a publication. The article itself gives no evidence upon its face of the existence of malice. Nor did appellant contend, either below or here, that there were malice and facts to show it, other than as might be inferred from the publication. His entire argument has been confined to the claim that jurisdiction was entirely wanting, the respective judicial orders totally void, the proceedings nullities, and therefore that the article was untrue, defamatory and wanting even in qualified privilege. He says, in effect, that the proceedings were not judicial in character, and therefore the publication was not privileged, conditionally or otherwise, and in consequence was malicious. In view of these facts, including both the absence of specification of any other facts tending to show actual malice and the presence of what amounts to a specification upon a consideration of the pleadings as a whole, we think that the allegations of the declaration concerning malice must be construed as charging the existence of malice in law, which results merely from unprivileged publication of defamatory matter, not of malice in fact. There was, therefore, no genuine issue of material fact in this respect.

■■ Appellant argues strenuously that he is entitled to a jury trial on the question whether the respective courts had jurisdiction in the respective proceedings. He contends that that question is one of fact, not of law. Apparently he thinks that a jury must decide whether one or three justices participated in the District Court's proceedings in the respects specified by him; whether he or they did so in chambers or while sitting in open court; whether action was taken by the judges of the Court of Claims, as he says, in chambers or while sitting in open court; whether these things constituted judicial or unofficial action; and finally whether this court had jurisdiction to hear the appeal in the disbarment proceeding which originated below. The mere statement of the argument shows the extremity of appellant's position. It simply repeats the old story told here so often and without effect other than to secure its own rejection. The specific facts[5] which appellant charges had the effect of ousting jurisdiction raise only questions of law and they have been determined adversely to him repeatedly in previous litigation here. Nothing new is added to the ancient tale. In Fletcher v. Wheat, supra [69 App.D.C. 261, 100 F.2d 434], we said: "The specific acts alleged to have been committed by appellees [justices of the District Court] came clearly within the scope of their official authority and within the jurisdiction of the court. * * * The record shows on its face that all the acts charged to have been done by the various persons named in the declaration were proper and normal acts, regularly performed by judges, clerks and lawyers in disbarment proceedings. Moreover, we take judicial notice of the fact that the disbarment proceeding set out in appellant's declaration came on appeal to this court and that the order of disbarment was affirmed." The specific acts thus held to be proper, normal and regularly done in the

---

4 Cf. 36 C.J. 1275, § 266, note 5, and authorities cited; Poston v. Washington, Alexandria & Mt. Vernon R. R., 1911, 36 App.D.C. 359, 32 L.R.A.,N.S., 785; Washington Times Co. v. Bonner, 1936, 66 App.D.C. 280, 86 F.2d 836, 110 A.L. R. 393.

5 See the enumeration in 69 App.D.C. loc. cit. 261, 100 F.2d 432.

course of judicial proceedings included issuance of the order to show cause and entry of the order of disbarment in the proceeding in the District Court, as well as the affirmance of that order here. Because they were charged as parts of the alleged conspiracy in which the appellees involved in that appeal, Wheat and Adkins, were said to have participated, the ruling also extended to and included other acts, mentioned in the opinion, [6] such as delivering the complaint in disbarment to Chief Justice Wheat, mailing a certified copy of the order of disbarment to the Court of Claims, signing and entry of that court's order for disbarment by four judges thereof, and striking appellant's name from the roll of its attorneys. In Booth v. Fletcher, supra, we again held, because it was necessarily involved in the issue directly presented, that these and other acts alleged to have been done unofficially and in excess of the jurisdiction of the respective courts were official in character and within their jurisdiction. We there said [69 App.D.C. 351, 101 F.2d 680]: "As to all of them, except Appellant Campbell, [7] the record clearly reveals that they were sued on account of acts performed in their official capacities and for no other reason. * * * In the present case the acts of appellants related particularly and peculiarly to the judicial process. * * * At no stage has the proceeding been the private matter which appellee conceives it to be. In its inception it involved the removal of one unfit to be a member of the bar. In its later phase it was an attack upon judicial and other officers on account of activities clearly within the scope of their authority." We also indicated clearly that there was not even irregularity in the proceedings, much less total want of jurisdiction, when we referred to "officers, *properly* engaged as these appellants were" in conducting them. Finally in Re Fletcher, supra, we again necessarily held that the proceedings and order for disbarment in the court below and here on appeal were valid and within the jurisdiction of the respective courts. We further foreclosed appellant's contention, repeated now, that Laughlin v. Wheat, 1937, 68 App.D.C. 190, 95 F.2d 101, in any way qualified or affected our jurisdiction on appeal in disbarment proceedings or our exercise of it in Fletcher v. Laws, supra. The circumstances of the two cases were entirely different and this difference dictated the distinction in the form of remedy prescribed or permitted.

In the face of these repeated adverse determinations and without advancing any new or different reason for doing so, appellant hardly can expect now a repudiation of all that has been done previously and a holding in effect that the prior adjudications were mere mockeries, especially in view of the fact that on at least three occasions [8] the Supreme Court has refused to interfere with the action which we have taken. In our view now as formerly the proceedings were entirely regular and proper. Even if the acts which appellant conceives to have been irregular had been so, they would have had no effect upon the jurisdiction of the respective courts. [9] Nor can his contentions concerning them be regarded as raising in any respect a question of fact. All that he asserts as matter of fact may be accepted as true without in any way ousting or affecting the courts' jurisdiction. The sufficiency of these facts to raise a jurisdictional question is the only issue made by the pleadings as they stood when the motion was granted. That issue was exclusively one of law and was determined rightly by the lower court.

[6] Ibid.

[7] In that case the judges and clerks of the District Court and the Court of Claims and the attorneys who participated in the disbarment proceedings were defendants below, appellants here. Campbell was one of the attorneys.

[8] Booth v. Fletcher, 1938, 69 App.D.C. 351, 101 F.2d 676, certiorari denied, 1939, 307 U.S. 628, 59 S.Ct. 835, 83 L. Ed. 1511; Fletcher v. Wheat, 1938, 69 App.D.C. 259, 100 F.2d 432, certiorari denied, 1939, 307 U.S. 621, 59 S.Ct. 794, 83 L.Ed. 1500; In re Fletcher, 1939, 71 App.D.C. 108, 107 F.2d 666, certiorari denied, February 26, 1940, 309 U. S. 664, 60 S.Ct. 593, 84 L.Ed. 1011. Cf. also Ex parte Fletcher, 1933, 290 U.S. 588, 54 S.Ct. 45, 78 L.Ed. 519.

[9] Cf. 36 C.J. 1276, § 266, n. 12, 13 and authorities cited. Appellant ignores entirely the distinction between irregularities which constitute error merely and those which defeat jurisdiction in the fundamental sense. Cf. National Benefit Life Ins. Co. v. Shaw-Walker Co., 71 App.D.C. 276, 111 F.2d 497, decided January 8, 1940. That distinction of itself would be sufficient for appellee's protection here, even though it were shown, as it has not been, that the irregularities were sufficient to constitute error.

■■ We need not consider fully other arguments advanced by appellant. His attack upon the sufficiency of the affidavit filed in support of appellee's motion comes to naught. Rule 56 (a) specifically provides for filing and hearing upon the motion "with or without supporting affidavits." Here no affidavits were necessary. The District Court and we have judicial knowledge of the decisions which were made in the previous proceedings, and in consequence the affidavits brought nothing of a material character to the attention of either court which was not already before it.[10] Furthermore appellant has not denied, but on the contrary admits, that the proceedings in each of the respective courts took place and resulted as stated in appellee's plea *as matters of fact.* He merely denies that they were legally effective as judicial proceedings and orders. Consequently he admits the facts as stated by appellee in this respect, with the result that the only questions left for decision were of law. Under Rule 56 (c), "The judgment sought shall be rendered forthwith if the pleadings, depositions, *and admissions* on file, together with the affidavits, *if any,* show that * * * there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Italics supplied.) The pleadings, admissions and facts within judicial knowledge here eliminated all genuine issues as to material fact and the court rightly held appellee entitled to judgment as a matter of law.

We have spelled out painstakingly once more the reasons for our decision. But we think it not inappropriate to say, on doing so for the fifth time, that there should be an end at some time to litigation and relitigation of the same issues. Forbearance has been exercised in the face of appellant's persistent refusal to concede the jurisdiction of the courts whose aid he so constantly invokes. It has been extended on each occasion in order that we might not magnify the hurt which an aged man unfortunately has done to himself. We sympathize with him in his plight, but we cannot repudiate action heretofore taken on full and careful consideration of facts and law and which, now as then, we think was taken rightly.

The judgment is affirmed.

---

[10] Cf. Booth v. Fletcher, 69 App.D.C. 351, 354, note 2, 101 F.2d 676, 679, and authorities cited and discussed; Fletcher v. Wheat, 69 App.D.C. 261, note 1, 100 F.2d 434.

Cf. also Atlantic Fruit Co. v. Red Cross Line, 2 Cir., 1924, 5 F.2d 218; The Washington, 2 Cir., 1926, 16 F.2d 206; Art Metal Construction Co. v. United States, Ct.Cl.1936, 13 F.Supp. 756; Grand River Dam Authority v. Going, D.C.N.D.Okl.1939, 29 F.Supp. 316.