## BROWN v. BROWN.

### No. 7733.

United States Court of Appeals for the District of Columbia.

Decided May 20, 1941.

Harold H. Shaller, of Washington, D. C., for appellant.

Louis Lebowitz, A. F. Goshorn, and Raymond J. Nolan, all of Washington. D. C., for appellee.

Before STEPHENS, MILLER, and VINSON, Associate Justices.

STEPHENS, Associate Justice.

1. In his answer to the rule to show cause why he should not be adjudged in contempt for failure to comply with the maintenance order issued by this court on September 21, 1940, the appellee asserts that the court is without jurisdiction to grant maintenance to a wife pending appeal in a matrimonial proceeding, and on that basis moves to vacate the rule. The point is not well taken. There is no direct authority in this jurisdiction in respect of the power of this court to issue a maintenance order, as distinguished from an order for counsel fees, pending appeal, but the great weight of authority elsewhere is that an appellate court has inherent power to issue a maintenance order pending appeal. See Kjellander v. Kjellander, 90 Kan. 112, 132 P. 1170, 45 L.R.A.,N.S., 943, 945, Ann.Cas.1915B, 1246, 1913; Taylor v. Taylor, 19 N.M. 383, 142 P. 1129, 1130, L.R.A.1915A, 1044, 1914; Duxstad v. Duxstad, 16 Wyo. 396, 94 P. 463, 464, 15 Ann.Cas. 228, 1908; Prine v. Prine, 36 Fla. 676, 18 So. 781, 34 L.R.A. 87, 1895; Disborough v. Disborough, 51 N.J.Eq. 306, 28 A. 3, 1893; Lake v. Lake, 17 Nev. 230, 30 P. 878, 880, 1882. We think that these authorities represent the proper rule. Moreover, in Lane v. Lane, 26 App.D.C. 235, 6 Ann. Cas. 683, 1905, this court held that it had power, as an "incident to the appellate jurisdiction vested" in it, to grant counsel fees and expenses of printing a brief, pending appeal, to a wife who was appellee in a divorce proceeding. So far as the power of the court is concerned, the principle involved in that case is not different from that in respect of maintenance orders as such.

2. The appellee has moved to vacate the rule to show cause upon the further ground that the motion for the rule was not supported by an affidavit of the appellant. The motion was signed by the appellant's attorney. It read as follows:

"Comes now the appellant, Mary Estelle Brown, through her attorney, and moves this Honorable Court to issue upon the appellee, George Brown, a rule to show cause, if any he has, why he should not be adjudged in contempt of this Honorable Court for failure to comply with the order issued by this Honorable Court on September 21, 1940.

"Your appellant says that since the issuance of said Order, the appellee has not paid the sum ordered by the Court, or any sum whatsoever, and that she, the appellant is in destitute and necessitous circumstances".

This point is also not well taken. An affidavit is not necessary. See In re Fletcher, 71 App.D.C. 108, 107 F.2d 666,

102

1939; United States ex rel. Alward v. Latimer, 44 App.D.C. 81, 1915; Hunter v. United States, 48 App.D.C. 19, 1918. Moreover, the former rules of this court, under which the appellant's motion for rule to show cause was filed, did not require that motions or petitions be verified. The motion sufficiently notified the appellee of the charge against him.

The motion to vacate the rule is

Denied.