Edwin F. LARK, Plaintiff,

v.

Vernon E. WEST, Chairman, et al., Defendants.

Civ. A. No. 3092–59.

United States District Court
District of Columbia.

March 2, 1960.

James J. Laughlin, Washington, D. C., for plaintiff.

Roger Robb, Washington, D. C., for defendants.

LEONARD P. WALSH, District Judge.

This case comes before the Court upon a motion for summary judgment based upon the pleadings on file in this action, and the affidavits and pleadings on file in Civil Action No. 1288–58 of this Court, In re Petition of Edwin F. Lark.

The Court has heard oral argument and has reviewed all of the pleadings, exhibits and affidavits constituting the Court Files in Civil Actions No. 1288–58 and No. 3092–59.

The Plaintiff, Edwin F. Lark, filed a complaint for a mandatory injunction, praying as follows: that the Defendants, as the Committee on Admissions and Grievances of the United States District Court for the District of Columbia, show cause why a mandatory injunction should not issue from this Court requiring Defendants to report favorably on Plaintiff's application for admission to the Bar of the United States District Court for the District of Columbia; that the matter be set down for oral hearing with testimony in open court in order that the Plaintiff could establish the allegations contained in his complaint; and that this Court issue an order directing that the Plaintiff be admitted to the Bar of this Court.

The Defendants subsequently filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, Title 28, United States Code, on the ground that there is no genuine issue as to any material fact and therefore they are entitled to judgment as a matter of law.

The facts in the case are substantially as recited below. Plaintiff, Edwin F. Lark, is a practicing attorney in the State of West Virginia; graduated from Howard University Law School in 1922; was admitted to practice in the State Court of Appeals in West Virginia in November 1924, and was admitted to the United States District Court for the Northern District of West Virginia in 1950. He is now a member in good standing in the jurisdictions referred to.

Plaintiff made formal application to be admitted to the bar of this Court on October 11, 1956, and on May 27, 1957, the Committee on Admissions and Grievances notified Plaintiff of the denial of his application.

Plaintiff alleges that the Defendants' denial of admission was arbitrary, capricious, and without regard to due process of law. The record in Civil Action No. 1288–58 indicates that the Plaintiff was involved in a matter while residing in Welch, West Virginia, in 1925, which resulted in his conviction for using the mails to defraud. He was sentenced on September 26, 1925, to twelve years in the penitentiary, was paroled in April, 1932, finally discharged on October 24, 1933, and pardoned on May 5, 1943 by President Roosevelt.

Plaintiff protests his innocence in the matter for which he was convicted and claims that he was prevented from taking an appeal in his case because of the "destruction of the stenographic record, which made it impossible for him to prepare a sufficient record to present the matter properly for appellate review." Plaintiff has, by exhibits, verified the

fact that in 1926 he had a Mr. Nutter of Charleston, West Virginia, inquire as to whether a record was in existence for a possible appeal. A letter from U. S. District Judge G. W. McClintic, who presided at Plaintiff's trial, to Mr. Nutter states as follows:

"I am informed by Mr. Scott, who reported this case, that when no application was made for a transcript of the testimony within the time provided by law, and no request was made of him to keep the notes, he destroyed the same, according to his system, and that therefore he can make no record. He tells me that he asked counsel who tried the case at Huntington, whether they wanted copies of the record, and they told him 'no, that the matter was ended.' Under these circumstances, I know of nothing that can be done by way of getting a record in this case."

In a petition filed May 20, 1958, Plaintiff made application for admission to practice law in the District of Columbia even though the Defendant Committee had seen fit to deny his admission. The Court, in an order filed June 2, 1958, denied the petition after consideration of the matter in Executive Session. Thereafter, on October 10, 1958, Plaintiff filed a motion to vacate and set aside judgment under Rule 60(b) of the Federal Rules of Civil Procedure, Title 28 United States Code. The Court, in an order entered November 13, 1958, after review in Executive Session, denied the motion.

The Plaintiff then filed notice of appeal on December 9, 1958. However, the matter on appeal (Circuit Court of Appeals, District of Columbia, No. 14,910, September Term, 1958) was dismissed on October 29, 1959, upon the Plaintiff's motion to dismiss.[1]

It should be noted at the outset of the discussion of this case that the Court, when entertaining a motion for summary judgment, in determining whether there is genuine issue of material fact, may take judicial notice of its own records and of other cases, including the same subject matter or questions of a related nature between the same parties. Fletcher v. Evening Star Newspaper Co., 77 U.S.App.D.C. 99, 133 F.2d 395, certiorari denied 319 U.S. 755, 63 S.Ct. 1163, 87 L.Ed. 1708, rehearing denied 319 U.S. 785, 63 S.Ct. 1432, 87 L.Ed. 1728; see also Booth v. Fletcher, 69 App.D.C. 351, 101 F.2d 676. The Court, therefore, takes judicial notice of all papers on file in Civil Action No. 1288–58, In re Petition of Edwin F. Lark.

With reference to the Plaintiff's motion to vacate in Civil Action No. 1288–58, it is noted therein, as was also brought out in the affidavit in opposition to the motion before the Court, that the fact was stressed that the Plaintiff is stated to be a member in good standing of the bars of the State of West Virginia and the United States District Court for the Northern District of West Virginia, and is still entitled to practice before those courts. However, as recognized by the court in the case of Application of Wasserman, 9 Cir., 240 F.2d 213, with respect to comity for admission of applicants, the separate United States District Courts are separate tribunals and are governed by their own rules and they may require, among other things, independent examinations into character and fitness. This Court requires such examinations. Pursuant to the provisions of section 1301, Title 11, District of Columbia Code, this Court has the power and authority to make such rules as it deems proper respecting admission of persons to its bar. It has, in fact, been determined that this Court may es-

---

1. Plaintiff in his complaint in Civil Action 3092–59 referred to the fact that when the matter (Civil Action No. 1288–58) was before the Court of Appeals " * * after oral argument and at the sugges- tion of the Chief Judge * * * he agreed that his complaint be dismissed with the right to maintain proper proceedings in this Court. * * *."

tablish and maintain its standards of fitness for membership within very wide limits. Carver v. Clephane, 78 U.S.App. D.C. 91, 137 F.2d 685. Rule 93, dealing with admissions, adopted by the Court in Executive Session, October 9, 1952, as amended, provides in part:

"(e) Any applicant who has practiced law for five years after having been admitted to the bar of a court of general jurisdiction in any state or territory may, upon proof of good moral character, be admitted without examination.

\*    \*    \*    \*    \*    \*

"(g) No applicant shall be admitted until the said committee [on Admissions and Grievances to be appointed by the Court] shall have caused an exhaustive examination to be made either by the committee or by an appropriate agency as to his character and a favorable report made thereon."

It was held in this jurisdiction at an early date that where evidence sustained a finding that the applicant for admission was lacking in good moral character, a denial of an application was justified. Carver v. Clephane, supra. The rule in the Carver case was upheld in the later case of Brooks v. Laws, 92 U.S.App.D.C. 367, 208 F.2d 18, 28, where it was held that the matter was squarely within the discretion of the district court as to whether an applicant was qualified for admission.

It would appear, therefore, that inasmuch as the action of the court is a discretionary one, that an inquiry will not be made into considerations which impel the action of the bar and of the court, except to see if there has been a fair investigation of the facts or an unjust deprivation of a right that is, an inquiry may be made into the circumstances of the denial to that extent. However, with respect to the possible unjust deprivation of a right, an appli-

cant does not have a "right", as such, to be admitted to the bar of this Court. The court in the Brooks case went on to clarify this point, where it said:

"The expression 'A claim of a present right to admission to the bar' means something more than a mere application under the rules of court. There is no inherent right to practice law. The right arises after qualifications under the rules has been established."

There appears in the instant case to have been a fair investigation of the facts and a careful consideration thereof. The defendants have determined that the Plaintiff is unqualified for admission to this bar after consideration of the application, investigation, and, as noted in their report, "after a hearing at which Mr. Lark appeared and testified at length." The denial of the admission of the Plaintiff has been reviewed by this Court,[2] sitting in executive session, as noted earlier, on two separate occasions, and in each instance the determination of the Defendants was upheld. The reasons given by the Defendants for the denial of the Plaintiff's application are stated in the conclusion of their report, which reads as follows:

"The allegations of the indictment, which the jury found to be true, show that Mr. Lark was guilty of a mean and contemptible fraud. He imposed upon people who were poor and ill, inducing them to part with their money by false representations that in return they would receive insurance benefits. The Committee does not believe that a man who would knowingly take part in such an undertaking could ever be fit for membership in the Bar of this Court."

Nowhere in the report of the Committee or in the papers on file in this case or in Civil Action No. 1288-58 is there any indication that the application of the Plaintiff was denied for rea-

2. Composition of the Court is as noted in the orders cited earlier in this opinion which are part of the record in this case.

sons other than as noted above. How-ever, the Plaintiff states in his affidavit in opposition to the motion for summary judgment that "the report of the investigating organization in Denver was made available to the Committee on Admissions and Grievances and it contains matters which *must* be of a prejudicial nature with respect to this offense * * *." [3] This is an assertion which is unsupported by the facts or any evidence submitted by the Defendant.

It is at best a belief. However, it has been held that belief, no matter how sincere, is not equivalent to knowledge, and that the facts set forth in an affidavit in opposition to a motion for summary judgment must be such as would be admissible in evidence should they be given from the witness stand during the trial of a case. Jameson v. Jameson, 85 U.S.App.D.C. 176, 176 F.2d 58. Such a holding is considered to be in accord with the holding in the case of Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766, which sets forth the general requirements necessary to sustain a motion for summary judgment.

The record in this case indicates that the Plaintiff was indicted and convicted of fraud, notwithstanding his claim that he was innocent. However, it is shown in the record that the Plaintiff made no application for a transcript of the testimony at his criminal trial within the time provided by law, nor within the time for taking an appeal, nor was the stenographer requested to keep his notes.[4] As noted in Judge McClintic's letter quoted earlier, the notes comprising the transcript were destroyed by the reporter according to his system after counsel for the Plaintiff in his criminal action indicated they would not be needed. The Court here cannot speculate on the outcome of an appeal in the Plaintiff's criminal case that was never made. Nor can it speculate on the effect, if any, the availability that the reporter's notes would have had on the opinion or judgment of the Defendants in this case.

The Court of Appeals for this Circuit was faced with a somewhat similar situation in a case involving a disbarment proceeding, Fletcher v. Laws, 62 U.S. App.D.C. 40, 64 F.2d 163, 165, where it was stated:

"The sole question at present is whether the facts found by the lower court sufficiently sustain the charge of misconduct against the appellant. We have no hesitation in saying that the facts fully sustain the charge. The appellant willfully practiced a fraud upon his client * * * in the course of his professional employment, whereby he sought to gain, and succeeded in gaining, a pecuniary advantage for himself at the expense of either or both of these parties. His conduct deserves condemnation both in morals and law."

After a series of further litigations involving the appellant Fletcher (see Fletcher v. Wheat, 69 App.D.C. 259, 100 F.2d 432, certiorari denied 307 U.S. 621, 59 S.Ct. 794, 83 L.Ed. 1500; Booth v. Fletcher, supra; and In re Fletcher, 71 App.D.C. 108, 107 F.2d 666, certiorari

---

3. However, this does not really constitute new matter in this case for the Plaintiff in his motion to vacate in Civil Action No. 1288–58 stated: "When the Committee utilizes certain isolated incidents in the history of the prosecution of the petitioner and petitioner is unable to have access to the records that would satisfactorily explain these incidents or vindicate himself due to the non-accessibility of the record and correspondence, it could not be said that he was accorded a fair and just hearing". The court there reviewed the claim prior to

denying the motion. Also, the Plaintiff's claim of non-accessibility to information prejudicial to him here is made with respect to "this offense". Actually the record is replete with evidence regarding his indictment and conviction of the crime with which he was charged and which he refers to as "this offense."

4. The present requirement that the original shorthand notes of the reporter be preserved in the public records of the court for not less than 10 years was not enacted until 1944, 58 Stat. 5, 6, 7, Jan. 20, 1944, now 28 U.S.C. § 753.

denied 309 U.S. 664, 60 S.Ct. 593, 84 L.Ed. 1011, rehearing denied 309 U.S. 698, 60 S.Ct. 713, 84 L.Ed. 1037), all of which directly or indirectly involved questions relating to the disbarment proceedings, Fletcher sued for libel on account of the publication of a newspaper article which he claimed falsely stated that he had been disbarred. Fletcher v. Evening Star Newspaper Co., 72 App.D. C. 303, 114 F.2d 582, certiorari denied 312 U.S. 694, 61 S.Ct. 732, 85 L.Ed. 1130. The Court, having before it a motion for summary judgment, reviewed the many actions instituted by the appellant:

" * * * without advancing any new or different reason for doing so, appellant hardly can expect now a repudiation of all that has been done previously and a holding in effect that the prior adjudications were mere mockeries * * *. In our view now as formerly the proceedings were entirely regular and proper. Even if the acts which appellant conceives to have been irregular had been so, they would have had no effect upon the jurisdiction of the respective courts. Nor can his contentions concerning them be regarded as raising in any respect a question of fact. * * *

" * * * Furthermore appellant has not denied, but on the contrary admits, that the proceedings in each of the respective courts took place and resulted as stated in appellee's pleas as *matters of fact*. He merely denies that they were legally effective as judicial proceedings and orders. Consequently he admits the facts as stated by appellee in this respect, with the result that the only questions left for decision were of law. Under Rule 56(c), 'The judgment sought shall be rendered forthwith if the pleadings, depositions, and *admissions* on file, together with the affidavits, *if any*, show that * * * there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law'. (Italics supplied.) The pleadings, admissions and facts within judicial knowledge here eliminated all genuine issues as to a material fact and the court rightly held appellee entitled to a judgment as a matter of law * * * we cannot repudiate action heretofore taken on full and careful consideration of facts and law and which, now as then, we think was taken rightly." [114 F.2d 586.]

■ The Plaintiff here, in his affidavit filed in opposition to the motion for summary judgment, introduces no new matter, nor does he introduce evidence of arbitrary or capricious action on the part of the Defendants. On the other hand, the vice chairman of the Committee in his affidavit filed in support of the Defendants' motion for summary judgment states that the Committee's judgment was in no way predicated upon "unsworn testimony with unnamed accusers", nor was there any "animus or bad feeling" towards the Plaintiff by the Committee. Rather, the vice chairman states that the recommendation of denial made to the court was for the reasons, as stated in, and based on, the report of the Committee, and the papers filed in opposition to the motion to vacate judgment in Civil Action No. 1288–58. Meanwhile, the Plaintiff admits the fact of his conviction for fraud, but questions the legal effectiveness of the judicial proceedings which resulted in his conviction. wherein an appeal was not taken. Upon full and careful consideration, the pleadings, admissions, and facts within judicial knowledge here eliminated all genuine issues as to a material fact.

There being no genuine issue of material fact in this case [Fortier v. Hobby, 105 U.S.App.D.C. 6, 262 F.2d 924; Fox v. Johnson & Wimsatt, 75 U.S.App. D.C. 211, 127 F.2d 729], and there being nothing in the record which would incline the Court to interfere with the judgment of the Committee, and the orders of the Court issued after meeting in executive session [Carver v. Clephane,

supra], the Defendants are entitled to summary judgment as a matter of law.

Counsel for Defendants is directed to submit an appropriate order granting the motion for summary judgment.