**MANILDRA MILLING CORPORATION, Plaintiff,**

v.

**OGILVIE MILLS, INC., Defendant and Third–Party Plaintiff,**

v.

**HENKEL CORPORATION and Henkel of America, Inc., Defendants and Third–Party Defendants.**

**Civ. A. No. 86–2457–O.**

United States District Court, D. Kansas.

May 31, 1989.

On Motion For Reconsideration June 30, 1989.

See also 723 F.Supp. 567.

W. Stanley Walch, Mark Sableman and Roman P. Wuller, Thompson & Mitchell, St. Louis, Mo., Charles D. Horner and Dennis L. Davis, Hillix, Brewer, Hoffhaus, Whittaker & Horner, Kansas City, Mo., and Murray J. Belman, Thompson & Mitchell, Washington, D.C., for plaintiff.

Robert D. Benham, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., and Eugene Sabol, Paul Grandinetti and Mark Lee Hogge, Fisher, Christen & Sabol, Washington, D.C., for defendant and third-party plaintiff.

Michelle M. Suter and R. Pete Smith, McDowell, Rice & Smith, Kansas City, Kan., and John D. Gould and Daniel W. McDonald, Merchant, Gould, Smith, Edell, Welter & Schmidt, P.A., Minneapolis, Minn., for defendants and third-party defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on plaintiff's motion to strike the affidavit of Johan Swildens, which was offered in support of Henkel's motion for summary judgment, and on plaintiff's motion for sanctions. For the reasons discussed below, plaintiff's motions will be granted.

■ Federal Rule of Civil Procedure 56(e) provides that affidavits submitted in support of or in opposition to a motion for summary judgment "shall be made on personal knowledge." Fed.R.Civ.P. 56(e). Affidavits made on information and belief do not comply with Rule 56(e). *Automatic Radio Manufacturing Co., Inc. v. Hazeltine,* 339 U.S. 827, 831, 70 S.Ct. 894, 896, 94 L.Ed. 1312 (1950); *Camfield Tires, Inc. v. Michelin Tire Corp.,* 719 F.2d 1361, 1367 (8th Cir.1983).[1] Furthermore, "belief, no matter how sincere, is not equivalent to knowledge...." *Lark v. West,* 182 F.Supp. 794, 798 (D.D.C.1960).

■ Plaintiff contends that the Johan Swildens affidavit was not made on personal knowledge. We agree. During his deposition, counsel asked Mr. Swildens on several occasions to identify the basis of his affidavit statements. On all of these occasions, Mr. Swildens answered that the basis of his statement was "advice of counsel." At no point during this colloquy did Mr. Swildens indicate that his affidavit was made on personal knowledge. Because Mr.

---

1. Henkel argues to the contrary. While the court agrees that an affidavit made on "belief" is sufficient to satisfy Rule 56(e) when *opinion* evidence is at issue, *Jorman v. Veterans Administration,* 579 F.Supp. 1407, 1412 n. 8 (N.D.Ill. 1984), an affidavit made on "belief" is insufficient to satisfy Rule 56(e) when *facts* are at issue, as they are in the case at hand.

Swildens' affidavit does not meet the requirements of Rule 56(e), it will be stricken.

■ Plaintiff also contends that Henkel's continuing to argue the sufficiency of Swildens' affidavit, in the face of Swildens' deposition testimony, which clearly evidenced that the affidavit was not made on personal knowledge, warrants sanctions under Federal Rule of Civil Procedure 11. Again, we agree. Given Swildens' deposition testimony, the plain language of Rule 56(e), and the abundant case law stating that affidavits must be made on personal knowledge rather than on information and belief, Henkel's submission of the affidavit in support of its motion for summary judgment, as well as its repeated, and often vehement, arguments that the affiant was competent and the affidavit sufficient, violated Rule 11. Even a cursory review of the case law discussing Rule 56(e) should have alerted Henkel to the insufficiency of Swildens' affidavit and to the fact that its arguments to the contrary were not supported by existing law. The submission of the incompetent affidavit alone, in support of a key issue in Henkel's motion for summary judgment, might merit some sanctions, but, without a doubt, the continuing attempts to salvage an obviously deficient affidavit merit severe sanctions.

The court therefore finds that Henkel's submission of Swildens' affidavit and the memoranda filed in opposition to plaintiff's motions warrants an imposition of sanctions under Rule 11. Henkel and its counsel will be required to pay plaintiff the reasonable expenses, including attorneys' fees, incurred preparing its motions and replies. Additionally, because the statements in Swildens' affidavit are material to a key issue in Henkel's motion for summary judgment, Henkel and its counsel will be required to pay plaintiff the reasonable expenses, including attorneys' fees, incurred preparing its memoranda in opposition to Henkel's motion for summary judgment.[2] The court is aware of the severity of these sanctions, but sincerely believes that Henkel's and its counsel's conduct warrants harsh measures.

IT IS THEREFORE ORDERED that plaintiff's motion to strike the Johan Swildens affidavit offered in support of Henkel's motion for summary judgment is granted. The clerk is directed to strike the Johan Swildens affidavit dated January 5, 1989.

IT IS FURTHER ORDERED that plaintiff's motion for sanctions under Federal Rule of Civil Procedure 11 is granted. Henkel and its counsel are directed to pay plaintiff the reasonable expenses, including attorneys' fees, incurred in preparing the current motions and in preparing its memoranda in response to Henkel's motion for summary judgment. Plaintiff shall file affidavits detailing its expenses no later than June 9, 1989. Henkel shall file its opposition, if any, no later than June 23, 1989.

## ON MOTION FOR RECONSIDERATION

On May 31, 1989, the court entered an order sanctioning the Henkel defendants for Rule 11 violations. This matter is now before the court on Henkel's motion for reconsideration of that May 31st order and on plaintiff's affidavit of costs and expenses. The court sanctioned the Henkel defendants for submitting an affidavit in support of its motion for summary judgment, which affidavit they knew was not made on personal knowledge, and for continuing to attempt to salvage the obviously deficient affidavit by opposing Manildra's motion to strike the affidavit. The sanctions imposed were the reasonable expenses Manildra incurred preparing its motion to strike and its motion for sanctions. Additionally, because the affidavit was material to a key issue in Henkel's motion for summary judgment (i.e., whether Henkel had notice of the suit pursuant to the requirements of Federal Rule of Civil Procedure 15(c), and thus whether plaintiff was entitled to Rule 15(c)'s "relation back" provision), the court imposed sanctions for the reasonable expenses Manildra incurred preparing its responses to the motion for summary judgment.

---

2. These memoranda are plaintiff's memorandum in opposition (Pl. # 384) and plaintiff's supplemental memorandum (Pl. # 426).

In light of Henkel's motion for reconsideration, the court has reviewed plaintiff's responses to the motion for summary judgment and agrees that these responses were not materially influenced by the Swilden's affidavit: plaintiff would have had to present the same evidence to support its relation back argument, with or without the presence of the Swilden's affidavit. Consequently, the court grants Henkel's motion for reconsideration in part.

As explained in our May 31st order, however, the court believes the remaining sanctions are entirely appropriate. The court notes that throughout this already protracted case, the litigants have spent considerable time and effort practicing invective, rather than practicing law. The "Swilden's affidavit" battle was typical of this action's tenor.

Plaintiff submitted an affidavit detailing the fees incurred in preparing its motions to strike and for sanctions. These fees total $3,832.00, and defendants Henkel concede that the submitted fees are reasonable. Plaintiff also requests reimbursement of expenses, estimated to be $500. Defendants Henkel object to these expenses because they are neither itemized nor supported by any documentation. We agree that an "estimate" of expenses, without more, is an insufficient basis from which the court can determine appropriate monetary sanctions. Therefore, the $500 requested for expenses will be disallowed.

IT IS THEREFORE ORDERED that Henkel Corporation's and Henkel of America's joint motion for reconsideration is granted in part and denied in part.

IT IS FURTHER ORDERED that defendants Henkel and Henkel's counsel are sanctioned in the amount of $3,832.00, which amount represents the attorneys' fees incurred in plaintiff's preparation of its motions to strike and for sanctions. Defendants Henkel and Henkel's counsel are directed to immediately reimburse plaintiff Manildra for these expenses.